## JOSEPH SCHLITZ BREWING COMPANY ET AL. v. SHIEL.

[No. 6,713.   Filed June 30, 1909.   Rehearing denied January 14, 1910.   Transfer denied March 29, 1910.]

1. NUISANCE.—*Maintenance of Saloon.—Complaint.*—A complaint attacked for the first time on appeal, alleging that defendants maintained a disorderly drinking saloon, offensive to the public, and privately injurious to the plaintiff, is sufficient, since it states facts sufficient to bar another suit for the same cause. p. 624.

2. NUISANCE.—*Damages.—Saloon.—Evidence.*—Evidence that the treasurer of a Milwaukee brewing company, residing at Milwaukee, owned a building in the business district of Indianapolis and rented it through a local agent to a saloon-keeper for saloon purposes, that his brewing company furnished its beer to such saloon-keeper who sold only that brand, that the owner discharged his rental agent and substituted as his agent the brewing company's agent, and that the saloon was afterwards carried on by the brewing company does not support a judgment for damages, nor a decree of injunction.   pp. 624, 626.

3. NUISANCE.—*Saloon.—Location.—Business   District.*—A   saloon located in the business district does not constitute a nuisance *per se.*   p. 625.

4. NUISANCE.—*Damages.—Saloon.—Landlord.—Notice.*—A landlord who rents property for saloon purposes is not liable for damages caused by the unlawful operation of a saloon thereon, unless he had notice of the misconduct; and such notice must be alleged and proved.   p. 625.

5. EVIDENCE.—*Presumptions.—Burden   of   Proof.*—Every   one   is presumed to obey the law, and he who alleges against another an evil act or an evil intent has the burden of proving it.   p. 626.

From Marion Circuit Court (14,681) ; *Henry Clay Allen,* Judge.

Suit by Roger R. Shiel against the Joseph Schlitz Brewing Company and another. From a decree for plaintiff, defendants appeal. *Reversed.*

*Linton A. Cox, William A. Pickens, Addison C. Harris* and *Miller, Mack & Fairchild,* for appellants.

*Eli F. Ritter,* for appellee.

RABB, J.—Appellee brought this suit in the court below against appellants, to abate a nuisance and recover damages for its maintenance. Appellants severally answered the complaint by general denial. The cause was submitted to the court for trial, and there was a finding and judgment in favor of appellee against appellants for $900 damages, and a decree enjoining appellants, among other things, from maintaining a liquor saloon on the premises described in the complaint. Appellants' joint and several motion for a new trial was overruled, as was also their several motions to modify the decree. By their several assignments of error appellants call in question the sufficiency of the complaint and the correctness of the ruling of the court upon their motion for a new trial and to modify the judgment. The complaint is assailed for the first time in this court. The objections urged to it are that it proceeds upon the theory that the maintenance of a retail liquor saloon constitutes a nuisance *per se,* and that this theory being groundless the complaint should be held bad.

The facts averred in the complaint are sufficient to bar another suit for the maintenance of a disorderly drinking saloon, constituting a public nuisance, to the private

1. injury of appellee, and, this being true, we think it is sufficient to withstand appellants' attack upon it in this court, whatever may be the supposed theory of the pleader.

Appellants' motion for a new trial calls in question the sufficiency of the evidence to sustain the finding and decree of the court. It appears from the evidence that the

2. structure described in the complaint as No. 214 Indiana avenue, in the city of Indianapolis, is a three-story, brick building, and that its location is in the business

part of the city of Indianapolis, as distinguished from the residence district; that the lower room of this building has been used for the purposes of a retail liquor saloon for the past twenty years; that appellant Uehlein became the owner of the premises in March, 1899; that at that time and ever since said appellant has been a resident of the city of Milwaukee, and was then and up to the time the case was tried the treasurer of the Joseph Schlitz Brewing Company; that the premises up to a few days prior to the commencement of this suit was in the hands of one Ralston, a real estate agent, who looked after the renting thereof and the collecting of the rents, as agent for appellant Uehlein; that it was rented to be used for saloon purposes, and was so used; that appellant brewing company was not the owner of the premises, and had no interest therein, and so far as the evidence discloses, no connection therewith, except that beer of its manufacture was sold in said saloon by the proprietor thereof, not by the brewing company. The evidence fails to disclose that appellant Uehlein had any connection whatever with the business conducted on the premises, or that either he or his agent knew anything whatever about the manner in which the business was conducted. The building was one in which a liquor saloon might lawfully be conducted. The locality in which it was situated was one in which a licensed liquor saloon might be carried on without being amenable to the charge that it was a nuisance, *per se*.

The only theory upon which the finding and decree of the court below can be sustained, is that the saloon was rendered a nuisance by the unlawful and disorderly manner in which it was conducted.

If it be conceded that the evidence shows that the saloon which is charged with being a nuisance was so conducted as to constitute a nuisance, and to entitle appellee to wage suit against the party maintaining it,

it does not follow that appellants are liable. Here the nuisance, if it existed, was caused, not by the act of appellant Uehlein in renting his property for a saloon, but by the act of the tenant who carried on the business—not in the character of the business, but in the manner in which the business was conducted; and unless the evidence was such as to justify the inference that the landlord knew of, and was consenting to, the wrongful conduct of his tenant, he could not be held liable for his acts. It is elementary that no one can be held liable for a nuisance, unless the injurious consequences complained of are the natural and proximate result of his acts, or his failure to perform some duty. It is the well-settled rule that a landlord cannot be held liable for a nuisance created upon the demised premises by the tenant during the tenancy without the consent of the landlord. 18 Am. and Eng. Ency. Law, 243, and cases cited under note 5. If it were shown that Uehlein let his premises to a tenant for the purpose of conducting thereon a disorderly saloon, or for any other offensive purpose, he would be held liable. But there was no pretense of showing anything more than that appellant Uehlein rented his building for the purpose of a saloon. It is not to be presumed that he intended his tenant to use the premises to conduct a wrongful or offensive business. Every man is presumed to obey the law and to do his duty, and he who alleges against another an evil act or an evil intent has the burden of affirmatively showing the fact alleged.

It is true in this case that the evidence tends to show that for a few days immediately before the bringing of this suit one Schmidt was made the agent of Uehlein, to take charge of the property, in the place of Ralston, and that Schmidt was at the same time made the agent of the brewing company for the sale of its beer in said city, and would perhaps justify the inference that defendant Uehlein was consenting that defendant corporation, of which he was the treasurer, should use this building for the pur-

pose of selling its beer, and that the business was thereafter carried on in the building by the brewing company. But there is no evidence that for the few days that intervened between the time Schmidt took charge of the premises and the time the suit was brought there was any offensive conduct in connection with the operation of the saloon that would justify the court in declaring it a nuisance, and no evidence that would justify a judgment in favor of appellee for $900 damages, as against either of the parties.

The judgment is reversed, with instructions to the court below to grant a new trial.

Hadley, C. J., Comstock, Myers and Watson, JJ., concur.

Roby, J., not participating.