Merrimack, }
June 3, 1924. }

### WALTER H. TRUE & a. v. HELEN R. McALPINE & a.

A house-holder in the residential part of a city is not entitled to an injunction restraining the owner of the adjoining lot from building a storage garage for automobiles thereon, in the absence of evidence as to how he proposed to carry on the business and of evidence that it cannot be carried on in a way that would not unreasonably disturb the neighbors.

BILL IN EQUITY, praying the court to enjoin the defendants from erecting a garage on North State street in the city of Concord. The defendants' lot is about one hundred feet wide on the street and two hundred and twenty feet deep. It is bounded on the south by land of the plaintiff, True, and on the north by land of the plaintiff, Sawyer. The defendants propose to build a twelve-stall garage on the back end of their land and engage in the business of storing automobiles.

The court, *Kivel*, C. J., found that this would be an unreasonable use of their land and enjoined them from building or using the proposed garage and allowed the defendants' bill of exceptions.

*Stanton Owen* and *Robert W. Upton*, for the plaintiffs.

*Nathaniel E. Martin*, for the defendants.

YOUNG, J. By reasonable, as that term is used in the court's finding, is intended legal, for it is the general rule that a person may

make any legal use of his land that he sees fit.  *Garland* v. *Towne,*
55 N. H. 55, 58;  *Horan* v. *Byrnes,* 72 N. H. 93;  *Moore* v. *Company,*
74 N. H. 305.

There is no statute or specific rule of the common law which for-
bids a person using his land to store automobiles or to engage in that
business, even when his land is located in a residential section.

If, therefore, it can be found that the use the defendants propose
to make of their land is illegal, it is because it can be found that the
ordinary or average man would not engage in that business in that
section of the city.  The test, therefore, to determine whether it can
be found that the proposed use of the defendants' land is illegal is
to inquire whether the ordinary man would use this land for that
purpose.

Now it is common knowledge that the ordinary man is accustomed
to use his land in the way he can get the most out of it, either in
money or pleasure.  This is true even when the use he makes of his
land tends to some extent to make his neighbors' land less desirable
for the purpose for which they are using it.

In fact the ordinary man is accustomed to think of his land as his
and of using it as he pleases unless there is a statute which forbids
it; that is, if the land is so located that it can be profitably used for
a particular purpose he is accustomed to use it for that purpose
whether that purpose is a site for a garage, a grocery store, a meat
market or a factory, and this is as true when the land is, as when it is
not situated in the residential part of the town.

Since the ordinary man is not accustomed to consult his neighbors
in respect to the use he shall make of his land but to use it as he
pleases when there is no statute or specific rule of the common law
which forbids using it for that purpose, it follows that the defendants
may legally use their land as they propose, in the absence of proof
that the proposed use is an unreasonable one.

In other words, it is true, as the plaintiffs contend, that the test
by which to determine whether the defendants may legally erect their
proposed garage is to inquire whether that is a reasonable thing to do,
*Haley* v. *Colcord,* 59 N. H. 7; *Ladd* v. *Company,* 68 N. H. 185; *Lane*
v. *Concord,* 70 N. H. 485; *Horan* v. *Byrnes,* 72 N. H. 93; *Huskie* v.
*Griffin,* 75 N. H. 345, 350; *Page* v. *Brooks,* 79 N. H. 70, 73; and it is
also true that whether any given act is reasonable is for the trier of
facts.  *Ladd* v. *Company,* 68 N. H. 186.  But it does not follow that
the court's findings in this case conclusively determine the question,
for whether there is any evidence to sustain these findings is a ques-

tion for this court.   *Mitchell* v. *Railroad,* 68 N. H. 96.   Any act the ordinary man would do in a given situation is reasonable and, as we have seen, the ordinary man is accustomed to erect such buildings as he pleases on his own land without consulting his neighbors. Since this is so, there is no evidence to sustain the court's findings that it is illegal for the defendants to build the proposed garage.   There is no statute or specific rule of the common law which forbids the defendants to engage in the business of storing automobiles in the residential part of the city, and while there was some evidence that the noise and other things incident to that business would disturb the neighbors, there was no evidence as to how the defendants proposed to carry on the business or that it cannot be carried on in a way which would not unreasonably disturb those living in that vicinity.

There is no evidence, therefore, to support the court's finding either that it is illegal for the defendants to build their proposed garage, or that the business of storing automobiles cannot be carried on at that place in such a way that it will not unreasonably disturb those living near it.

In other words, while the defendants may legally erect the proposed garage and engage in the business of storing automobiles, they must do what the ordinary man would do to carry it on in such a way that it will not unreasonably disturb their neighbors.

*Exception sustained: bill dismissed.*

SNOW, J., was absent: the others concurred.