This is a controversy without action. The following judgment was rendered in the court below:
"This controversy without action coming on to be heard before Hon. W. C. Harris, judge presiding, at December Term, 1930, of the Superior Court of Beaufort County, the plaintiff being represented by Harry McMullan, and the defendant by J. D. Paul; and it appearing and being found as a fact by the court that under a judgment rendered in suit in the Superior Court of Beaufort County, North Carolina, in which S. M. Combs was plaintiff and A. A. Paul and A. B. Mery were defendants, A. A. Paul was duly served with summons personally, and *Page 383 
the defendant, A. B. Mery was duly served with summons by publication; and under a decree duly entered in said cause, the register of deeds of Beaufort County has entered upon the margin of the record of the mortgage from A. A. Paul to A. B. Mery, dated 15 November, 1919, recorded in Book 215, at page 540, the following: "This mortgage is canceled by a decree of the Superior Court of Beaufort County in a suit of S. M. Combs v. A. A. Paul and A. B. Mery, dated 17 March, 1930, recorded in the clerk's office in Book of Orders and Decrees No. 15, at p. 129. Noted as ordered in said decree. 18 March, 1930. G. Rumley, Register of Deeds.' And the court being of the opinion as a conclusion of law that the said cancellation of the said mortgage from A. A. Paul to A. B. Mery was duly canceled of record; it is, upon motion of Harry McMullan, attorney for the plaintiff, ordered, adjudged and decreed that the said mortgage from A. A. Paul to A. B. Mery is duly canceled of record, and upon the facts submitted to the court, it is ordered, adjudged and decreed that the defendants, F. T. Paul and wife, Marjorie Paul, shall forthwith pay over and deliver to the plaintiff, S. M. Combs, the securities deposited with the said F. T. Paul and wife by the said S. M. Combs as protection against liability by reason of the said mortgage."
The defendant's sole assignment of error is to the court below signing the judgment above set forth.
It is now the settled rule of appellate courts that verdicts and judgments will not be set aside for harmless error, or for mere error and no more. To accomplish this result, it must be made to appear not only that the ruling complained of was erroneous, but that it was material and prejudicial, amounting to a denial of some substantial right. Again, error will not be presumed; it must be affirmatively established. The appellant is required to show error, and he must make it appear plainly, as the presumption is against him.
From the above well settled law in this jurisdiction, the record does not disclose any prejudicial or reversible error. The judgment of the court below is
Affirmed. *Page 384