## BROWN ET AL. *v.* POWELL.

[No. 14,018. Filed May 27, 1931.]

*Joseph Collier,* for appellant.
*Don Roberts,* for appellee.

NEAL, C. J.—Appellee, plaintiff below, instituted this proceeding to abate an alleged nuisance and to recover damages.

The appellant Brown was the owner of a building

situated in Indianapolis, and Harry Reed, coappellant, was a tenant of Brown. Reed occupied the building for a period of time from April, 1928, to January 15, 1929, and was engaged in conducting a garage and storage business in the building so leased by him of Brown. Reed was defaulted, and Brown prosecutes this appeal.

The court, at the request of appellant Brown, made a special finding of facts and stated its several conclusions of law thereon.

The errors properly assigned are: (1) Overruling the motion to make the amended complaint more specific; (2) overruling demurrer thereto; (3) error in each conclusion of law and error in overruling motion to modify the judgment; (4) overruling motion for a new trial, presenting causes: (a) That the finding is not sustained by sufficient evicence; (b) that the finding is contrary to law.

A resume of the special finding is as follows: That the plaintiff was the owner of a small tract of land located in the north part of the east end of lot 5 in Bird's subdivision of Out Lot 178 in the city of Indianapolis; that there is situated on said real estate a frame dwelling house occupied by plaintiff as a residence; that defendant Brown was the owner of a tract of land, in lots 5, 6 and 7 of the same subdivision; that, in the year 1919, there was constructed on the east end of lots 6 and 7, and which ever since has been and now is located on part of the named lots, a one-story building, with firm walls of concrete blocks 12 inches thick to the ceiling and eight inches thick between the joists and roof, which concrete blocks are set in cement mortar; that the roof is a composition roll roofing supported by frame timbers resting on the concrete walls and properly trussed and of ample strength to support the roof; that the building is 55 feet long north and south, and 30 feet wide east and west, and, when constructed, was designed and intended to be used for a

garage and storage purposes; that buildings designed and intended to be used in the city of Indianapolis for garage and storage purposes are generally constructed substantially of same material and workmanship as the above-described building, and such buildings so constructed and used, when proper care and caution is exercised in the conduct of such business, are not *per se* fire hazards; that the building of defendant Brown is so constructed that, by the exercise of proper care and caution in the conduct of the garage and storage business therein, the building, in and of itself, or the use to which it was subjected, would not make of it a fire hazard; that the above-mentioned and described building was situated on land owned by defendant Brown, and to the east thereof, and about two and one-half feet re- removed therefrom, on land owned by another, is a seven-room dwelling house, occupied by six persons, and, to the south thereof, on land owned by another, and approximately 15 feet removed therefrom, are frame dwelling houses occupied by several persons, and, to the north thereof, and 37 feet removed therefrom, is located the residence of plaintiff; that the building of defendant Brown at all times prior to, and at all times subsequent to, December 20, 1920, with exceptional periods when tenants thereof were being changed, was rented and used as a garage and for storage purposes; that, during the time the building was rented, each of the several tenants thereof held the key and was in the exclusive possession and control of the premises, and defendant Brown at such times was not in possession and control thereof; that, during the period from April, 1928 to January 15, 1929, defendant Reed rented the premises of defendant Brown, held the key thereto, and was *in the exclusive possession thereof;* that, during Reed's tenancy, he conducted a garage and storage business therein, repairing and storing automobiles; that, during

a part of the period, defendant Reed or his employees parked automobiles in the passageway leading north from the garage, and at times the motors of the cars were kept running, whereby loud noises, smoke and gases were emitted therefrom, which materially disturbed the plaintiff and occupants of her home; that, during the period mentioned, defendant Reed, or his employees, during a part of the time used profane and vulgar language, and the conduct of Reed and his employees, in the operation of his business, in the manner aforesaid, was materially injurious to the health and offensive to the senses of a normal person, and materially interfered with comfortable enjoyment of life and property; that Reed abandoned the premises and discontinued the offensive conduct long prior to the filing of the amended complaint herein; that actual damage is shown by the evidence to have been sustained by plaintiff by reason of aforesaid wrongful acts of Reed in the sum of $100; that, from January 15, 1929 to date of trial, the premises of Brown have been rented to one Stamm, to be used as a garage and for storage purposes, and Stamm, as such tenant, held the key for and has been in the exclusive possession of the same; that, during the time Stamm has used the premises, he has stored automobile trucks therein during the nighttime, removing the same in the morning about 7 a. m., and returning them in the evening about 6 p. m., and has made light repairs on such automobiles in the daytime, including Sunday; that, in the storage, removal and return of automobile trucks and in the repair thereof, noise and disturbance was made in the night and morning, which noise and disturbance caused thereby was such as to materially interfere with the comfortable enjoyment of the plaintiff and her property; that Brown has control of the renting of the garage and the purposes for which it was to be used; that the continued use of the garage as a public garage

for storage purposes will subject the plaintiff to the same annoyances as described herein; that the use of the garage for the purposes and uses described herein and the annoyances resulting therefrom to plaintiff as herein described constitute a nuisance and should be abated.

The court signed the special finding, and then stated conclusions of law thereon as follows: (1) That the law is with the plaintiff; (2) that the premises described in plaintiff's complaint constitute a nuisance, and that plaintiff is entitled to judgment for the abatement of the same; (3) that plaintiff is entitled to damages in the sum of $100, together with the costs of this action. The court then attached his signature thereto.

The special finding was announced and conclusions of law stated thereon, all of which was entered of record on October 28, 1929.

On November 1, 1929, the court made further a general finding, defaulting Reed, and then found that Brown had heretofore, before the commencement of the trial of this cause, filed his written request, requesting the court to make a special finding of facts and state its conclusions of law thereon, whereupon the court made and filed its special finding and stated its conclusions of law thereon as follows: "That, in the operation of said garage and storage house, the defendants, by themselves, their agents, servants and employees, disturbed the peace, comfort and quiet of plaintiff and her home, and injured plaintiff's premises; by causing obnoxious gases to emit from said garage and storage house, by using vile, profane and obscene language, by causing the honking of horns, the running of motors, the repairing of cars and fenders, the pounding and hammering on metal, doing repair work on Sundays and during the week, by operating trucks and cars in and out of the said garage during the day, by running and causing to be run automobiles over, against and upon the premises of plaintiff; thereby

causing plaintiff to be disturbed in the peace, quiet and sanctity of her premises and home." The conclusions of law are then repeated without change as heretofore stated. Appellant Brown again separately excepted to each conclusion of law. The court then rendered judgment that the "defendant Brown be and is perpetually enjoined from using, occupying, leasing or causing to be leased, the premises, together with the building thereon in the county of Marion, State of Indiana, described as follows: . . . (describing the premises by metes and bounds) as a public garage or storage house, so as to disturb the peace, comfort and quiet of plaintiff and her home, injuring plaintiff's premises, causing obnoxious gases to emit from said garage or storage house, the use of vile, profane or obscene language, the honking of horns, the running of motors, the repairing of fenders, the pounding or hammering on metal, the of doing repair work on Sundays or through the week, the operating of trucks or cars in and out of same during the day, the causing of or running of automobiles over, against or upon the premises of the plaintiff; the disturbing of plaintiff in her peace, quiet and sanctity of her home; that the plaintiff have and recover of Reed the sum of $100, and that plaintiff recover of and from the defendants and each of them separately the costs."

It is to be observed that we have on the face of the record two special findings. The first was announced, signed and filed by the court under date of October 28, 1929; the second as of date of November 2, 1929. The record does not disclose that the "second special finding" was made as an amendment to the first. The court, however, may amend its special finding at any time during the period within which a motion for a new trial may rightfully be filed, but not after the court has entered final judgment. *Jones* v. *Mayne* (1900), 154 Ind. 400, 55 N. E. 956; *Apple, As-*

*signee*, v. *Smith, Trustee* (1901), 26 Ind. App. 659, 60 N. E. 456. In the instant case, we will consider the last finding as an amendment to the special finding.

Appellant Brown complains of the action of the court in overruling his motion to make the complaint more specific. The appellant has not shown that he was harmed by such ruling, and no reversible error can be predicated thereon. *Haskell, etc., Car Co.* v. *Trzop* (1920), 190 Ind. 35, 128 N. E. 401; *Diamond* v. *Cleary* (1928), 88 Ind. App. 518, 162 N. E. 372.

The amended complaint, although subject to much criticism, alleges sufficient facts to constitute a cause of action, and the demurrer thereto was properly overruled.

Appellant challenges the finding of facts as not sustained by sufficient evidence and that it is contrary to law.

An examination of the evidence discloses that there is no evidence to sustain the fact as found by the court that the appellant Brown, one of the defendants, committed the several acts which caused appellee to be "disturbed in the peace, quiet and sanctity of her premises and home" (see finding as of date November, 1929). On the contrary, the evidence discloses that appellant Brown is the owner of the real estate and building; that, from April 2, 1928 to date of trial, the real estate and building was leased by a rental agent of Brown to tenants who held the keys thereto and had full possession and control thereof, and who conducted a garage and storage business therein; that Brown, during the period of tenancy, was not in possession of the real estate and building thereon, and did not own, control or have any interest in the garage or storage business conducted therein or have any control over the employees of his tenants in charge of the business; that defendant Reed, as such tenant, was in charge of the premises from

April 2, 1928 to January 15, 1929, and, from January 15, 1929 to date of trial, one Stamm, who was not a party to the record, was a tenant in charge of the premises.

The trial court found what is purported to be an ultimate fact, which is not supported by any evidence as to appellant Brown, to wit, "that *defendants* by themselves, their agents, servants and employees disturbed the peace, comfort and quiet of plaintiff," etc. (Our italics.)

The general rule in reference to the landlord's liability where the premises are not in themselves a nuisance and a nuisance has been created by the tenant during the period of tenancy without the participation of the landlord directly or indirectly, and there has been no reletting of the premises by the landlord to the tenant, with knowledge of the existence of the nuisance, is stated by the text writers as follows: "In order to charge the landlord, the nuisance must necessarily result from the ordinary use of the premises by the tenant or for the purpose for which they were let; and where the ill results flow from the improper or negligent use of the premises by the tenant, or, in other words, where the use of the premises may or may not become a nuisance, according as the tenant exercises reasonable care or uses the premises negligently, the tenant alone is chargeable for the resulting damage arising therefrom." Joyce, Law of Nuisances §461; 2 Wood, Nuisances (3rd ed.) §827; 46 C. J. 746, §335; *Joseph Schlitz Brewing Co.* v. *Shiel* (1909), 45 Ind. App. 623, 88 N. E. 957; *Lufkin* v. *Zane* (1892), 157 Mass. 117, 31 N. E. 757, 17 L. R. A. 251, 34 Am. St. 262; *Ahern* v. *Steele* (1889), 115 N. Y. 203, 22 N. E. 193, 5 L. R. A. 449, 12 Am. St. 778; *Midland Oil Co.* v. *Thigpen* (1925), 4 Fed. (2d) 85, 53 A. L. R. 311; *Muller* v. *Stone* (1875), 27 La. Ann. 123; *Terminal Co.* v. *Jacobs* (1902), 109 Tenn. 727, 72 S. W. 954, 61 L. R. A. 188. See *Rich* v. *Basterfield* (1847), 4 C. B. (Eng.) 783, 56 E. C. L. 782, 136 Reprint 715.

In *Joseph Schlitz Brewing Co.* v. *Shiel, supra,* this court said: "It is elementary that no one can be held liable for a nuisance, unless the injurious consequences complained of are the natural and proximate result of his acts, or his failure to perform some duty. It is the well-settled rule that a landlord cannot be held liable for a nuisance created upon the demised premises by the tenant during the tenancy without the consent of the landlord."

In order to predicate a liability against the landlord under the facts of this case, it is necessary that the nuisance must necessarily result from the ordinary use of the premises by the tenant or for the purpose for which they were let.

A garage, as a general rule, is not a nuisance *per se,* for the reason that the storing of automobiles and the engaging in the business of the storage of automobiles is legal. *People* v. *Ericsson* (1914), 263 Ill. 368, 105 N. E. 315, L. R. A. 1915D 607, Ann. Cas. 1915C 183; *Lansing* v. *Perry* (1921), 216 Mich. 23, 184 N. W. 473; *Nevins* v. *McGavock* (1925), 214 Ala. 93, 106 So. 597; *True* v. *McAlpine* (1924), 81 N. H. 314, 125 Atl. 680; *Sherman* v. *Levingston* (1910), 128 N. Y. Supp. 581.

It has also been held in the reported decisions that a garage does not become a nuisance by the mere fact that it is located in a strictly residential district, even though it be a public garage. *Nevins* v. *McGavock, supra; True* v. *McAlpine, supra; Sherman* v. *Levingston, supra.*

In *True* v. *McAlpine, supra,* the Supreme Court of New Hampshire said: "There is no statute or specific rule of the common law which forbids a person using his land to store automobiles or to engage in that business even when his land is located in a residential section."

Under the facts of this case, the question is whether a garage and storage business can be carried on at the particular place mentioned and described in the finding of the court as will not unreasonably disturb those living near the building. *Sherman* v. *Levingston, supra; True* v. *McAlpine, supra; Nevins* v. *McGavock, supra.* In *Sherman* v. *Levingston, supra,* the court used the following language in discussing the same question as we have in the instant case: "Assuredly a public garage may be kept clean and free from oil upon its floors. It may be so ventilated that noxious gases and odors may pass off and not be offensive, and proper rules may be promulgated and enforced whereby the noises incident to a garage, the testing of engines, the blowing of horns, and other noises may be reduced to a minimum." The evidence in the instant case does not disclose, neither does the court find, whether the garage of appellant is located in a strictly residential district or partly business and residential. There is no evidence to support the fact as found by the court that the continued use of said garage as a public garage or for storage purposes will subject the plaintiff to the same annoyances as described in the finding.

The finding of the court as to appellant Brown is not sustained by sufficient evidence and, therefore, is contrary to law.

Judgment reversed as to appellant Brown, with instructions to sustain his motion for a new trial.