MRS. E. A. CLARK v. CLEVELAND DRUG COMPANY, INCORPORATED.

(Filed 10 May, 1933.)

**Negligence A c—Plaintiff's act in stepping through door without stopping to look held contributory negligence as matter of law.**

Plaintiff entered defendant's drug store and asked to use a telephone. Defendant's clerk showed her into a rear room of the store where there was a phone, turned on a small light and left her. There were two doors leading from the rear room, one to the front of the store and the other to the basement, and there was sufficient light for both to be visible, and plaintiff, after using the phone, sought to go back to the front of the store, opened one of the doors, and without stopping to look, fell through to the basement, sustaining serious personal injury. *Held,* plaintiff was guilty of contributory negligence as a matter of law rendering it immaterial whether she was an invitee or licensee or whether defendant was negligent in failing to instruct her as to the basement door, and defendant's motion as of nonsuit was properly allowed.

APPEAL by plaintiff from *Sink, J.,* at January Term, 1933, of MECKLENBURG. Affirmed.

The plaintiff brought suit to recover damages for personal injury and alleged:

3. That on or about 5 September, 1930, the plaintiff, while in the town of Shelby, North Carolina, went into the defendant's drug store to make some small purchases, and while in the store and before she had time to make a purchase, asked one of the defendant's agents and employees, in the said drug store, to be allowed to use a telephone, and was given permission to do so; that just as she was in the act of using the telephone on a counter in the front part of the store, one of the agents and employees of the defendant, told the plaintiff that there was a telephone in the rear end of the building, behind the prescription case, which would be more private and invited her in there to use that telephone.

4. That the plaintiff thereupon followed the defendant's agent and employee into the rear part of the drug store, behind the prescription case where the said agent turned on a light over a little table upon

which was a telephone and directed her to use the said telephone, which she did; that immediately after using the telephone, the plaintiff attempted to leave the rear room of the drug store, and in doing so, opened a door which led into the basement, that the door opened to the inside of the basement, and the plaintiff stepped in and fell to the cement floor beneath, nine or ten feet, and was seriously and permanently injured, as hereinafter more particularly set out.

5. That the defendant was guilty of gross negligence and carelessness, after having invited the plaintiff into the rear part of the drug store, in failing to instruct her that one of the doors leading out of the room opened into the basement; that there was no sign at or on the door to warn that it opened over a cavity beneath, and not having been instructed, the plaintiff opened the door and made a step as if to leave the room and fell to the cement floor beneath, breaking her left shoulder and arm and injuring her back.

6. That when the plaintiff finished using the telephone, as hereinbefore alleged, she attempted to leave the room; there were several doors leading out of the room, and the plaintiff, having received no instructions as to which was the proper exit, opened the door opening into the basement, and as hereinbefore alleged, took a step as the door opened, and fell into the basement, and was injured, as hereinbefore alleged.

7. That it was the duty of the defendant, after having invited the plaintiff into a dark room to allow her to use one of its telephones, to give her instructions about the door which opened into the basement of the building; that in failing to do this, the defendant was guilty of gross negligence, and on account of this negligence, the plaintiff opened the door leading into the basement and fell to the hard surface of the basement floor and was seriously and permanently injured, as hereinbefore set out.

The defendant filed an answer denying the material allegations of the complaint and pleaded the plaintiff's negligence in bar of her recovery.

At the close of the plaintiff's evidence the court dismissed the action as in case of nonsuit and the plaintiff excepted and appealed.

*J. D. McCall and Ralph V. Kidd for plaintiff.*
*Tillett, Tillett & Kennedy for defendant.*

ADAMS, J. The appellant's brief is restricted to the question of the defendant's negligence. It was no doubt prepared on the theory that the plaintiff entered the drug store as an invitee to whom the defendant owed the duty to exercise reasonable care; and to sustain this position the plaintiff relies on the general principle that the owner or occupant of premises who invites others to go thereon owes to such persons a duty in the exercise of due care to have his premises in a reasonably safe condi-

tion and to give warning of latent or concealed perils. *Ellington v. Ricks,* 179 N. C., 686; *Leavister v. Piano Co.,* 185 N. C., 152.

It is said in the brief of the appellee that the court held there was no evidence of negligence on the part of the defendant which should be submitted to the jury—a conclusion which may have been reached on the principle that the plaintiff, if an invitee at the time she entered the store, assumed, when she went into the prescription department for the purpose of using a private telephone, the character of a bare licensee, to whom the defendant was not liable for passive negligence. *Monroe v. R. R.,* 151 N. C., 374; *Money v. Hotel Co.,* 174 N. C., 508; *Brigman v. Construction Co.,* 192 N. C., 791.

From the appellee's brief we derive the further information that the trial court held that the plaintiff, according to her own testimony, proximately caused or contributed to her injury by her own negligence. If this is true, it is immaterial whether she was an invitee or a licensee when upon the defendant's premises.

The plaintiff related the circumstances under which she was injured. By permission of the clerk she went back to the prescription department through a little lattice way, and the clerk turned on the light. She used the telephone and walked directly out into the passage that led to the front of the building. On the direct examination she said: "I walked over to the door, which I judged I came out of, opened the door and took a step into a dark abyss of a basement, total darkness." And on the cross-examination she said: "After I stepped out of that lattice partition twelve or fifteen feet across I opened a door that led into the concrete basement; that is, I walked twelve or fifteen feet from the door that led out of the lattice work office and walked straight ahead of me toward the front of the store. I did not notice a prescription desk or counter there, only the two doors before me; they were directly in front of me, and one led into the basement. I could not say how close those doors were together; they may have been four or five feet apart. I opened only one of the doors. I saw both doors and they were facing toward the front of the store and were on the same line with each other. . . . I had no chance to look after I opened the door; it led into the basement; it was total darkness and I lost my balance. I did not stop to look as I opened the door."

The plaintiff testified that the space she entered after leaving the lattice partition was lighted sufficiently for her to see the two doors and that she walked to the door which she judged she had come through, opened it, and without "stopping to look as she opened the door" plunged into "total darkness." It is perfectly obvious that her unfortunate injury resulted directly from her want of judgment or her want of care. Judgment

Affirmed.