VESTA KING v. THACKERS, INC.

(Filed 28 January, 1935.)

APPEAL by plaintiff from *Devin, J.,* at July Special Term, 1934, of MECKLENBURG. Affirmed.

This is an action to recover damages for personal injuries suffered by the plaintiff and caused by the negligence of the defendant, as alleged in the complaint.

In its answer the defendant denies the allegations of negligence in the complaint, and in further defense of plaintiff's recovery pleads her contributory negligence.

At the close of the evidence for the plaintiff, on motion of the defendant, the action was dismissed by judgment as of nonsuit. The plaintiff appealed to the Supreme Court.

*J. Louis Carter for plaintiff.*
*Ralph V. Kidd for defendant.*

PER CURIAM. On 10 May, 1932, the plaintiff was in a restaurant in the city of Charlotte, which was owned and operated by the defendant. She left the dining-room, where she had met a friend for dinner, and started to the rest room to wash her hands. While she was walking through the kitchen on her way to the rest room she slipped and fell, thereby injuring her arm. She testified that she was walking carefully. She said: "I noticed something on the floor. It was as slick as it could be. My feet flew from under me and I fell. I could not get up. Someone picked me up. Corn meal was on the floor—in heavy and light places. I was completely covered with corn meal when they picked me up. I noticed it at first, but did not notice what it was, but the floor was slick. Corn meal makes a floor slick."

There was no evidence tending to show why the corn meal was on the floor in the kitchen, or how long it had been there, but conceding that there was evidence tending to show negligence on the part of the defendant, as alleged in the complaint (*Bowden v. Kress,* 198 N. C., 559, 152 S. E., 625, and *Parker v. Tea Co.,* 201 N. C., 691, 161 S. E., 209), we are of opinion that all the evidence shows that the plaintiff by her own negligence contributed to her injuries. *Clark v. Drug Co.,* 204 N. C., 628, 169 S. E., 217; *Davis v. Jeffreys,* 197 N. C., 712, 150 S. E., 488. For this reason there is no error in the judgment dismissing the action as of nonsuit.

Affirmed.