### JULIUS KAMINSKY v. D. C. WADDELL, JR.

#### (Filed 10 April, 1935.)

**Negligence A c—Evidence held insufficient to show negligence of defendant in condition and use of building.**

Evidence that plaintiff, the purchaser of bankrupt stock stored in the building of the defendant, went to defendant's warehouse Sunday night to inspect the stock before the time for its delivery the following morning, and left defendant's warehouse by the back door and fell from a loading platform at the rear of the building to his injury *is held* insufficient to be submitted to the jury on the issue of negligence on the contention that defendant owed plaintiff the duty, in common with all persons entering the building, to maintain a guard rail around the platform and to maintain a light over the platform, since a rail around the loading platform would interfere with the very use for which the platform was maintained, and since the failure to maintain a light over the platform at 9:30 Sunday night cannot be held negligent.

APPEAL by the plaintiff from a judgment of nonsuit entered at the close of the evidence by *Cowper, Special Judge,* at December Term, 1934, of CATAWBA. Affirmed.

*Self, Bagby, Aiken & Patrick and Theodore F. Cummings for plaintiff, appellant.*

*J. Y. Jordan, Jr., for defendant, appellee.*

PER CURIAM. This is an action for personal injuries alleged to have been caused by the negligence of the defendant. The plaintiff bought a bankrupt stock of goods stored in the building owned by the defendant, and on Sunday night went to the storehouse to arrange the goods to be removed the following Monday morning, and about 9:30 p.m. left by

the rear door of said building and walked off of the loading platform in the rear thereof and fell about 8 feet to his injury. While the plaintiff does not contend that the defendant breached any special duty he owed to him, he does contend that the defendant breached the duty he owed to all persons entering the building, including himself, to keep said building in a reasonably safe condition, and that the defendant breached this duty in failing to construct and maintain a guard rail or banister around the rear platform of the storehouse, and in failing to maintain a light over said platform.

Both the allegations and the evidence are to the effect that the platform was constructed and used for the purpose of loading and unloading merchandise coming into and going out of the building. We do not agree with the plaintiff's contention that the defendant owed the duty to the plaintiff in common with others who entered the building to maintain a rail or banister around a loading platform. Such a barricade would interfere with the very use for which the platform was maintained, namely, loading and unloading merchandise. Nor can we hold that an owner of a building rented for mercantile purposes owes the duty to those entering the building to keep a light burning over a loading platform in the rear thereof at 9 :30 o'clock Sunday night.

Affirmed.