JOHN M. WILSON v. WILLIAM R. DOWTIN, TRADING AS DOWTIN'S FOOD STORE, AND F. O. SHERRILL.

(Filed 3 May, 1939.)

**1. Landlord and tenant § 11—Liability of lessor for injury to third person.**
Ordinarily, the lessor is not liable for injuries to a third person resulting from any defective condition in the leased premises unless he contracts to repair, knowingly demises the premises in a ruinous condition or in a state of nuisance, or unless he authorizes a wrong.

2. **Negligence § 4b—Customer entering part of store reserved for lessee and his employees is licensee therein.**

> A customer who enters a part of the premises reserved for the operator of a store and his employees, is a mere licensee therein, even though he is an invitee to other parts of the premises, and evidence that an invitee, in attempting to go to the office of the store in the rear of the building, entered a large, dimly lit room in the rear thereof with merchandise and boxes on the floor which he could dimly see, and fell through an open stair well while attempting to traverse such room to the office, discloses that at the time of injury he was a licensee, the darkness of the room and the merchandise on the floor being sufficient to give clear warning that he was not in the part of the store open to customers and other visitors, and there being a direct entrance from the front part of the store to the office.

3. **Landlord and Tenant § 11: Negligence § 4a—Rule that lessor may be liable to customer if he knowingly demises premises in ruinous condition or state of nuisance relates to the use for which the premises were let.**

> The premises in question were leased as a store, and thereafter, upon application of lessee, lessor built a store room in the rear in which a stairway, which had entered the basement from the outside, was included, and an open, unprotected well for the stairway was left in the room. *Held:* Lessor could not have reasonably anticipated that a customer of the store would be injured by falling into the open stair well in the part of the premises reserved for the lessee and its employees so as to be liable to the customer under the exception to the general rule that the lessor is liable when he knowingly demises the premises in a ruinous condition or in a state of nuisance, and, there being no evidence that lessor contracted to repair or that he authorized a wrong, his motion to nonsuit was properly granted.

APPEAL by plaintiff from *Olive, Special Judge,* at November Extra Term, 1938, of MECKLENBURG. Affirmed.

This is a civil action to recover damages for personal injuries sustained when the plaintiff fell into an open, unprotected stair well in the storage room of a building owned by the defendant Sherrill and in possession of the defendant Dowtin, as lessee.

The defendant Dowtin leased the property from H. C. Sherrill & Co. Thereafter, in July, 1936, the defendant Sherrill purchased the property subject to the lease. In the spring of 1937 the lessee, desiring enlarged premises, requested Sherrill to construct an addition at the back of the building, to be used as a storage room for merchandise. Sherrill engaged a contractor to build the addition as the tenant wished it. At the time the addition was constructed there was a stairway from the outside of the rear of the building leading into the basement. When the addition was constructed the stairway to the basement was retained, with an entrance from the floor of the addition, a part of the stair well being

covered over so that the open entrance was about 32 inches by 3½ feet. No railing or other protective device around the opening was constructed.

The office was in the rear of the original building and the storage room addition extended from the rear wall of the original building and could be entered through a door in the rear wall.

On 26 October, 1937, plaintiff, an employee of Armour & Co., at the request of defendant Dowtin, went to the store to adjust a dispute relative to an invoice for merchandise purchased by Dowtin from plaintiff's employer. After talking to the manager of the market, who did the purchasing from Armour & Co., in the rear of the original building, he was told to go back to the office and see the bookkeeper about the invoice. The plaintiff entered the door to the storage room. Due to the atmospheric conditions and the small windows the storage room was at the time dark. After he entered the storage room, not seeing the office, he started to call back to the meat cutter for directions. He then saw the lights of the office through the lattice work in the petition between the office and the storage room. He proceeded toward the light and as he undertook to step around some white bags lying on the floor he fell down the basement stair well, receiving certain personal injuries.

During the progress of the trial nonsuit was entered as to the defendant Dowtin pursuant to an agreement or covenant not to sue executed by the plaintiff. At the conclusion of the evidence, on motion of the defendant Sherrill, the court dismissed the action as of nonsuit and entered judgment accordingly. The plaintiff excepted and appealed.

*McDougle & Ervin for plaintiff, appellant.*

*Guthrie, Pierce & Blakeney and Frank H. Kennedy for defendant Sherrill, appellee.*

BARNHILL, J. The plaintiff alleges that the addition to the original building was constructed as a storage room and that it was actually in use as such at the time of his injury. All of the evidence tends to show that from the time of its construction this portion of the building was used for the storage of surplus merchandise carried in stock by Dowtin in connection with the operation of his business. All of the evidence likewise tends to show that there is a direct method of reaching the office from the front of the store without going through the storage room and that the office is easily observable when one enters the store. There is no evidence that the addition was used other than as a storage room or that customers and other persons visiting the store for business purposes, were either expressly or impliedly invited to enter the storage room, or customarily went therein. Under these circumstances is the landlord

liable in damages for injuries sustained by the plaintiff by reason of the fact that he constructed a stairway in the storage room leading to the basement and left the stair well opening unprotected by any railing or other protective device?

The general and basic rule is that when third parties are injured as the result of any defective condition in leased premises he may have recourse against the lessee, but not against the lessor. *Williams v. Strauss,* 210 N. C., 200, 158 S. E., 252; *Combs v. Paul,* 200 N. C., 382, 157 S. E., 12. The liability may, however, be extended to the landlord or owner—(a) When he contracts to repair; (b) where he knowingly demises the premises in a ruinous condition or in a state of nuisance; (c) where he authorizes a wrong. 1 Jaggard Torts, 223; 5 Dillon Mun. Corp. (5th Ed.), 3028; 36 C. J., 208; *Knight v. Foster,* 163 N. C., 329.

There is no evidence that the appealing defendant contracted to keep the premises in repair or that he authorized a wrong. On the contrary, the uncontradicted evidence shows that upon the completion of the building Dowtin, the tenant, agreed to protect the stair opening with shelving and by stacking merchandise around it. Did the defendant Sherrill lease the premises to Dowtin in a ruinous condition or in a state of nuisance so as to impose liability upon him for any resulting injury? If not, the judgment below must be sustained.

This exception to the general rule relates to the condition of the premises open to the ordinary uses for which the premises were let. *Meloy v. Santa Monica,* 124 Cal. App., 622, 12 P. (2nd), 1072; *Brown v. Powell,* 92 Ind. App., 467, 176 N. E., 241; 20 R. C. L., 67.

The storage room was not constructed, leased or maintained for the use of customers and other invitees to the store. It was provided with artificial lights which were not switched on at the time plaintiff was injured. He voluntarily entered the room, assuming that it was the proper way to the office. Immediately upon entering he discovered that it was dark and that he could not see how to move about in the room. Without turning back and ascertaining the correct method of entry to the office, or taking any other precaution, he continued on in a room under conditions which would have made it apparent to any person of ordinary prudence that he was in a part of the building not ordinarily used by invitees. He was put on notice by the condition of darkness that it was dangerous for him to proceed further. Notwithstanding this he continued to move around in the room until he finally fell into the open stair well. There is nothing in the record which tends to indicate that any part of the building leased by the defendant to Dowtin into which he could reasonably anticipate that customers and others would be invited to enter was in any ruinous condition or condition of nuisance, or to cause him to foresee that injury was likely to result to third parties from the existing conditions.

Where one enters a part of premises reserved for the use of the occupant and his employees and to which there was no express or implied invitation to go, there can be no recovery for resulting injury, even though he is an invitee to other parts of the premises. *Money v. Hotel Co.*, 174 N. C., 508; 20 R. C. L., 67. In entering or leaving premises, the visitor is bound to use the ordinary and customary place of ingress and egress, and if he adopts some other way he becomes a mere licensee, and cannot recover for defects outside and not substantially adjacent to the regular way. Shearman and Redfield on Law of Negligence, Vol. 3, sec. 704; *Money v. Hotel Co., supra; Quantz v. R. R.*, 137 N. C., 136—in which the plaintiff had left a passway which he had the right to use and had gone twelve feet to reach the door. In so doing he fell through an unprotected doorway. *Clark v. Drug Co.*, 204 N. C., 628, 169 S. E., 217.

The evidence considered in the light most favorable to the plaintiff likewise fails to disclose any circumstances which would tend to show that the defendant could have foreseen that the condition of the stair well in the storage room was likely to cause injury to a customer or other invitee of his tenant. *Clark v. Drug Co., supra; Money v. Hotel Co., supra; Ellis v. Refining Co.*, 214 N. C., 388.

The plaintiff cannot successfully maintain his contention that he had no reason to suppose that the course he took might prove dangerous. The very darkness which he says prevented him from seeing the stair well and caused his injury was sufficient notice to a reasonably prudent person going for the first time into a storage room in the rear of a store building. It constituted a positive signal to retreat. The merchandise and boxes he states he could dimly see on the floor were likewise a warning that it was a storage room and not a part of the store open to customers and other visitors. One may not thus heedlessly disregard the commonest precautions for his own safety. *Scott v. Telegraph Co.*, 198 N. C., 795; *Clark v. Drug Co., supra; Kaminsky v. Waddell*, 208 N. C., 173, 179 S. E., 463; which is similar to the instant case, except that plaintiff walked off of an unprotected and unlighted loading platform at the rear of a store rather than into an open stair well. *King v. Thackers, Inc.*, 207 N. C., 869, 178 S. E., 95.

Plaintiff's evidence fails to establish any negligent conduct on the part of the defendant Sherrill which, under any circumstances, could be considered the proximate cause of his injuries.

The judgment below is

Affirmed.