## McDONALD v. F. W. WOOLWORTH CO.

### No. 5972.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1949.

Decided Nov. 3, 1949.

---

402

William J. Cocke, Asheville, N. C. (Philip C. Cocke, Jr., Asheville, N. C.) and Melvin K. Elias, Asheville, N. C., on the brief), for appellant.

R. R. Williams, Asheville, N. C. (R. R. Williams, Jr., and Williams & Williams, Asheville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This suit for personal injuries sustained by the plaintiff when she fell at the entrance of defendant's store in Asheville, North Carolina, was dismissed at the conclusion of the plaintiff's evidence on motion of the defendant on the ground that she had shown no ground for recovery; and she appealed to this court.

The plaintiff is a woman five feet six inches tall, who weighs two hundred and fifty pounds. The accident occurred approximately at 11:30 A.M. on September 28, 1948, while the plaintiff was in the act of passing through the doorway of the store. There had been a trace of rain between 7 and 10 A.M. and at the time of the accident, "it was drizzling rain". There was a small vestibule with a terrazo floor at the main entrance and in the doorway was a transverse metal strip or sill. Inside the store opposite the door a counter was located behind which employees were stationed who had a clear view of the entrance. The plaintiff walked through the vestibule at a "natural" gait and in entering the store slipped on the strip and it "threw" her to the floor inside the store. She noticed the strip as she approached the door and when she was on the floor after the fall she looked at the floor and strip and observed that they were wet and "moisty" and that the strip was somewhat slick and worn.

There was evidence tending to show that on rainy days it was customary for employees of the store to sprinkle an abrasive anti-slip compound on the floor of the vestibule and the metal strip, and that no such precaution had been taken at the time of the plaintiff's fall.

By reason of the fall, the plaintiff suffered a fracture of the right ankle and a severe tear of the joint capsule and adjacent ligament, and she was obliged to wear a cast for five weeks. The injury was permanent to the extent that it resulted in a 25 per cent. restriction of the motion of the ankle.

 The District Judge, in dismissing the suit, had in mind certain North Carolina decisions in which it was said that the mere fact that a person has fallen upon a slippery floor in a place to which the public is invited is insufficient of itself to show negligence on the part of the management. When the evidence does not indicate the cause of the fall, or that the floor was negligently constructed or maintained, or if the evidence shows that the plaintiff was guilty of contributory negligence, judgment must be given for the defendant. Griggs v. Sears, Roebuck & Co., 218 N.C. 166, 10 S.E.2d 623; Barnes v. Hotel O. Henry Corp., 229 N.C. 730, 51 S.E.2d 180; Bohannon v. Leonard-Fitzpatrick-Muller Stores Co., Inc., 197 N.C. 755, 150 S.E. 356; King v. Thackers, Inc., 207 N.C. 869, 178 S.E. 95; Schwingle v. Kellenberger, 217 N.C. 577, 8 S.E.2d 918. The law of North Carolina, however, does not differ from the rule that generally prevails, as will appear from Brown v. Montgomery, Ward & Co., 217 N.C. 368, 370, 8 S.E.2d 199, 200, where it was said: "The duty of proprietors of buildings with respect to invitees on their premises has been frequently stated in the decisions of this court. * * * and in those of other jurisdictions. * * * The concensus of these authorities is that the occupant of premises to which others are invited to come for business or pleasure owes to such persons the duty to exercise due care to keep the premises in a reasonably safe condition and to give warning of any hidden peril. The proprietor, however, is not an insurer of safety and when claim is made on account of injury caused by some article or substance on the floor along and upon which customers may be expected to walk, in order to justify recovery it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew or by the exercise of due care should have known of its presence in time to have removed the danger or given proper warning of its presence." This rule has been applied by the North Carolina court in varying circumstances in which recovery has been allowed when a person has fallen upon a surface which was slippery or unsafe through the failure of the owner to use due care to maintain it in proper condition. See Anderson v. Reidsville Amusement Co., 213 N.C. 130, 195 S.E. 386; Bowden v. S. H. Kress & Co., 198 N.C. 559, 152 S.E. 625; Parker v. Great Atlantic & Pacific Tea Co., 201 N.C. 691, 161 S.E. 209; Drumwright v. North Carolina Theatres, Inc., 228 N.C. 325, 45 S.E.2d 379.

██ In our opinion, the pending case falls within the latter rather than in the former category. It was proved that the sill upon which the plaintiff slipped was wet and worn and smooth; that the anti-slip substance ordinarily used by the defendant at the entrance to the store in wet weather was not employed on this occasion, and that the state of the weather and the condition of the floor of the entrance were plainly visible to the employees of the defendant. In this state of the proof, the question of the defendant's negligence should have been submitted to the jury.

██ There is no ground for the defendant's contention that the dismissal of the case was justified by contributory negligence on the part of the plaintiff. It is true that she testified that she saw the sill upon which she slipped before she stepped on it, but she had no occasion to pay particular attention to it and it was not until she had fallen and injured herself, according to her story, that she noticed that the sill was wet and worn. In North Carolina the rule is that contributory negligence is an affirmative defense which must be pleaded and proved, and a nonsuit will not be

granted on this ground unless the evidence so clearly establishes such negligence on the part of the plaintiff that no other reasonable inference may be drawn therefrom. Dalrymple v. Sinkoe, 230 N.C. 453, 458, 53 S.E.2d 437, 440.

The judgment of the District Court must be reversed and the case remanded for a new trial.

Reversed and remanded.