Mrs. Minnie E ROBINSON, Plaintiff,

v.

S. H. KRESS & COMPANY, a New York Corporation, Defendant.

Civ. No. 884.

United States District Court
E. D. North Carolina,
Raleigh Division.

Jan. 24, 1956.

J. L. Emanuel, Raleigh, N. C., for plaintiff.

Clem B. Holding, Raleigh, N. C., for defendant.

GILLIAM, District Judge.

The plaintiff has sued for personal injuries sustained when she fell to the floor of the defendant's store in Raleigh, North Carolina. The building occupied by defendant, about 50 feet in width and about 200 feet long, extends from Salisbury Street to Fayetteville Street, with its main entrance on Fayetteville and the rear entrance on Salisbury. We are concerned with the Salisbury Street entrance, through which plaintiff, just before she fell, had entered for the purpose of having coffee at the defendant's "stand-up" bar, which was located just inside the double glass door and on the left side upon entering. There was an unenclosed vestibule outside the door and adjoining the sidewalk about 4 feet deep and extending the length of the double door. The entrance was protected by a metal marquee, which runs the full width of the building, and reaches out over the concrete sidewalk for about 6 feet. Inside the double door there is an area about 5 feet in depth between the door and some fixture, and over this area one going to the bar would pass into an area approximately five feet wide between the fixture and the bar. Approaching from the door there is an incline of 2½ inches in 25 feet. The plaintiff walked over the area just inside the door and had proceeded along the area between the fixture and the bar for a distance of about 15 feet when she fell and was hurt. The vestibule and the area inside over which the plaintiff walked were floored with highly polished terrazzo, well known to be unduly slick and slippery when wet. There was no evidence of faulty construction of the floor. Plaintiff entered the store somewhere about 11:00 a. m. It had been raining hard for several hours and was raining at the time. She was carrying an umbrella which she had closed upon entering the store. She had walked perhaps 39 or more feet over protected footing just immediately before she fell, that is, 20 feet under the mar-

quee, 4 feet over the vestibule, and 15 feet inside the store. There was no floor mat in the vestibule or inside the door and neither the vestibule nor the inside area had been treated with any substance or material to reduce the hazard of slipping on the terrazzo floor surface.

The plaintiff's claim is that the defendant's floor where she fell was wet and unduly slippery and that her fall was due to such condition; that defendant was negligent in permitting such condition to exist and also specifically in not providing protection at the vestibule entrance by either a floor mat or some substance to reduce the slipping hazard.

There was evidence from which I find that at the time of this occurrence there prevailed a common and general custom among those whose places of business presented slipping hazards by reason of terrazzo floors to use on rainy days floor mats at the entrance or to treat them with some appropriate substance to minimize the hazards. However, this evidence was not such as to justify a finding that this common practice applied in the case of an entrance protected by an outside marquee. This circumstance, the defendant asserts, saves it from a finding that its failure to provide a protection constituted negligence, for, as the defendant claims, the marquee is sufficient protection against the wetting of the terrazzo floor, and the resulting slipping hazard; much more effective, it says, than mats or abrasive substances. The defendant introduced no evidence to this effect, but it is to be noted that there was no showing of the use of mats or abrasive substance at an entrance protected by a marquee.

Perhaps the failure of defendant to use a mat or abrasive substance does raise a jury question, but the real weakness of the plaintiff's case, I think, lies in the lack of evidence to show that the plaintiff's injuries resulted from defendant's negligence in failing to use mat or abrasive substance, if indeed such was negligence. If the slip and fall had come in the vestibule or entrance, the case for the plaintiff would be much stronger,

but plaintiff had walked about 15 feet inside the store. The plaintiff does not insist that the entire floor should have been covered by mats or treated. The question arises where would the point come when it should not be held that the failure to provide mats or treatment proximately caused the slipping; and this raises the further question as to whether the exposure to liability would continue as long as the customer was in the store.

Leaving aside consideration of the failure to provide mats or treatment, there would be no basis for recovery, for if plaintiff rests her case solely upon the evidence to the effect that the floor was wet, it is lacking in the essential element of notice. If in truth the floor was wet, there is no way of telling when or how the wetting occurred, whether it came about when some customer just before closed her umbrella and permitted the rainwater from the umbrella and her clothes to fall to the floor. Defendant's responsibility did not go so far as to require it to keep its floor dry at every moment at every spot on a rainy day. To hold otherwise would be to hold the defendant an insurer of the customer's safety while in the store. This, as I understand it, is not the law in North Carolina.

The applicable rule is set forth in Brown v. Montgomery Ward & Co., 217 N.C. 368, 370, 8 S.E.2d 199, 200: "The duty of proprietors of buildings with respect to invitees * * * has been frequently stated in the decisions of this court * * * and in those of other jurisdictions * * * the consensus of these authorities is that the occupant of premises to which others are invited to come for business or pleasure owes to such persons the duty to exercise due care to keep the premises in a reasonably safe condition and to give warning of any hidden peril. The proprietor, however, is not an insurer of safety and when claim is made on account of injury by some article or substance on the floor * * * in order to justify recovery it must be made to appear that the proprietor either placed or permitted the harmful substance to be there, or that he knew or by the exercise of due care should have known of its presence in time to have removed the danger or given proper warning of its presence." The case of McDonald v. F. W. Woolworth Co., 4 Cir., 177 F.2d 401, applied this rule, but held that under it the case presented a jury question. Plaintiff leans heavily upon this case, but the facts here are far different. In McDonald, the plaintiff slipped as she was in the act of passing through the doorway from the vestibule into defendant's store; it was "drizzling rain"; there was a small vestibule with a terrazzo floor and a transverse metal strip or sill, which was wet, slick and worn; plaintiff slipped on this strip; it was customary for employees on rainy days to sprinkle an abrasive compound on the floor and metal strip; but no such precaution had been taken at the time of plaintiff's fall. The distinguishing difference between that case and this is pointed up by the following excerpt from Judge Soper's opinion, 177 F.2d page 403: "It was proved that the sill upon which the plaintiff slipped was wet and worn and smooth; that the anti-slip substance ordinarily used by the defendant at the entrance to the store in wet weather was not employed on this occasion, and that the state of the weather and the condition of the floor of the entrance were plainly visible to the employees of the defendant. In this state of the proof, the question of the defendant's negligence should have been submitted to the jury."

Assuming that under McDonald's case and others cited by plaintiff's counsel a jury question arises, I find that the evidence fails to establish that defendant failed in its duty to plaintiff "to exercise due care to keep the premises in a reasonably safe condition and to give warning of any hidden peril."

It is ordered and adjudged, therefore, that plaintiff take nothing and that the action be dismissed with costs to defendant.