A. F. STAFFORD, Administrator, v. ISAAC GALLOPS, ALFRED GALLOPS and LOT GALLOPS.

(Decided October 18, 1898).

*Judgments Erroneous— Void — Irregular — Insufficient Notice.*

1. *Erroneous* judgment is one rendered according to the course and practice of the Courts, but contrary to law, that is, based upon an erroneous application of legal principles.

2. *Void* judgment is in legal effect no judgment, as if a judgment be rendered without service, or appearance.

3. *Irregular* judgment is one contrary to the course and practice of the Courts and is held valid until vacated or reversed.

4. A judgment in an action in which the required number of days notice was not given to the defendant is erroneous and irregular, but not void, and cannot be questioned in a collateral proceeding.

CIVIL ACTION for trespass, involving title, tried before *Timberlake, J.,* at July Special Term, 1898, of PASQUO-TANK County.

The plaintiff in deducing his title introduced a deed of trust from H. C. Harris and wife to John A. Harris, trustee, who died before making sale of the land.

Plaintiff then offered in evidence the Record of Proceeding of the Superior Court purporting to appoint F. Vaughan, trustee, in place of John A. Harris, deceased. The Clerk had issued a summons on December 8, 1891, notifying the trustors and Sarah E. Harris, *cestui que trust*, to appear before him on December 19, 1891, and answer. The officer's return was "Executed December 11, 1891." On the return day the defendants failed to appear, answer or demur, and the Clerk appointed F. Vaughan as trustee, who sold the land, on proper notice, and conveyed to the intestate of plaintiff.

The defendants objected to the introduction of the Record—their position being, that as they had not the ten days notice required by the *The Code*, Section 279 and 1276, the judgment of the Clerk appointing a trustee was void, and that the trustees' sale and deed conveyed no title.

Objection sustained, and the proposed evidence was excluded by the Court. The plaintiff excepted, submitted to a non-suit, and appealed.

*Mr. G. W. Ward*, for plaintiff (appellant).
*Mr. E. F. Aydlett*, for defendants.

FAIRCLOTH, C. J.: Action for trespass by cutting wood, etc., involving title to the *locus in quo.* The plaintiff in deducing his title offered in evidence a certain record and judgment, presently referred to which was excluded by his Honor, and the plaintiff took a non-suit and appealed. The competency of said judgment is the only question we have to consider, and that

raises the question whether the judgment was *void*, or irregular and voidable only.

In 1887, H. C. Harris and wife, Laura T., executed their promissory notes payable to Sarah E. Harris and conveyed the land to John A. Harris in trust to secure the payment of said notes, and subsequently the payee assigned said notes to the plaintiff's intestate. Before the trust was closed the trustee died. The plaintiff applied to the Clerk to have another trustee appointed, and the Clerk issued a summons on December 8, 1891, notifying the trustors and Sarah E. Harris to appear before him on December 19, 1891, and answer the plaintiff's complaint. The officer's return on the summons was "Executed December 11, 1891." On the return day of the summons the defendants failed to appear, answer or demur, and the Clerk appointed a trustee with all the powers of the first trustee. The trustee on proper notice, sold the land and the plaintiff's intestate was the purchaser.

The defendant's position is that, as they had not the ten days notice required by *The Code*, Section 279 and 1276, the judgment of the Clerk appointing a trustee was *void*, and that the trustee's sale and deed conveyed no title. That is the point.

Much has been written on the character and force of judgments, and we find them to be erroneous, irregular or void.

An erroneous judgment is one rendered according to the course and practice of the Courts but contrary to law, that is, based upon an erroneous application of legal principles. *Wolf* v. *Davis*, 74 N. C., 597; *McKee* v. *Angel*, 90 N. C., 60.

A void judgment is in legal effect no judgment. No rights are acquired or divested by it. It neither binds

nor bars any one, and all proceedings founded upon it are worthless. 1 Freeman on Judgments (4th Ed.) Section 117; Black on Judgments, Section 170—as if judgment be rendered without service on the party, or his appearance; *Armstrong* v. *Harshaw*, 1 Dev. 187; *Stallings* v. *Gulley*, 3 Jones, 344; *Condry* v. *Cheshire*, 88 N. C., 375.

An irregular judgment is one contrary to the course and practice of the courts and is held valid until vacated or reversed. *Wolf* v. *Davis* and *McKee* v. *Angel, supra;* Black, *supra*, Section 170; 1 Freeman, *supra*, Section 116 *et seq.*

The question of jurisdiction lies behind all judgments, decrees and orders. If they are entered by a Court without jurisdiction, they are nullities and may be disregarded by any one, whether relied upon directly or collaterally.

Every court, before it can enter a lawful judgment, must have jurisdiction, (1) Of the subject matter, and (2) Of the person. Jurisdiction of the subject is conferred by the Constitution, statutes and the law of the land, that is by sovereign authority. Black, *supra*, Section 240; *Cooper* v. *Reynolds*, 10 Wall., 308. Jurisdiction of the person is acquired by service of process. A court, thus having acquired jurisdiction, is clothed with power to hear and determine, and its orders and decrees are binding upon all the parties, until reversed or vacated by some direct proceeding, because public policy requires it and because a judgment is a record, and a record imports in it such uncontrollable credit and verity, as it admits no averment, plea or proof to the contrary. Coke Little, 260a. Defective service has given rise to many irregularities in the course of the courts, but it will be found that they do not render the

final judgment void but only irregular, unless the defect is such as to amount to no service. The instances found in the opinions of this Court of such irregularities are too numerous to mention here Examples: A judgment exceeding the amount demanded in the writ is not void, but irregular and erroneous, but has full force until reversed by a direct proceeding. *Savage* v. *Hussey*, 3 Jones, 149. A judgment against an infant with no guardian to represent him; held, irregular only. *Keaton* v. *Banks*, 10 Iredell, 381. A constable returned his warrant "executed" but did not sign his name to his return; *Held*, that the judgment was not void. *McElrath* v. *Butler*, 7 Iredell, 398. "A judgment in an action in which the required number of days notice was not given to the defendant is erroneous but not void, and cannot be questioned in a collateral proceeding." *Ballinger* v. *Tarbell*, 16 Iowa, 491; *Glover* v. *Holman*, 3 Heisk., 519; *West* v. *Williamson*, 1 Swan, 277; *Hendrick* v. *Whittemore*, 105 Mass., 23; *Pope* v. *Hooper*, 6 Neb., 178; 1 Freeman, *supra*, Section 126; *Isaacs* v. *Price*, 2 Del., 351.

When the time between service and the return day of the summons is less than the time allowed by *The Code*, the Clerk is not bound to dismiss the action, but should allow the time, allowed by *The Code*, to the defendant for an appearance. *Guion* v. *Melvin*, 69 N. C., 242. The object of service of process is to advise the defendant of the plaintiff's action and that he must appear at the time and place named and make his defence, and in default therein judgment will be prayed. If he attends, as he should, he can defend on the merits or have irregularities corrected. Failing in this, does not affect the jurisdiction or judgment as long as it stands unreversed. A service of four days notice, when

the law required five, is sufficient to support a justice's judgment. *Ballinger* v. *Tarbell*, 85 Am. Dec., 527; 1 Freeman, *supra*, Section 126.

Applying these principles to the present case, his Honor committed error in excluding the judgment of the Clerk appointing a trustee. That judgment, although irregular, is valid until reversed or vacated by a direct action, and cannot be collaterally attacked.

New trial.