## J. R. HENDERSON v. SARAH MOORE.

(Decided December 5, 1899.)

*Judgment Erroneous, Appeal—Judgment Irregular, Motion in the Cause.*

1. If a judgment is erroneous, that is, contrary to law, the remedy is by appeal; if irregular, that is, contrary to the course and practice of the courts, the remedy is by a motion in the cause made within a reasonable time.
2. A court of equity remedies neither, when jurisdiction exists, and no fraud is alleged.

CIVIL ACTION to correct a former judgment of the Court, and to stay the execution in the meantime, heard before *Shaw, J.,* at Fall Term, 1899, of WILKES Superior Court.

Sarah Moore had sued one N. O. Anderson in the Justice's Court for a steer, and recovered judgment against Anderson, who appealed to the Superior Court, and gave Henderson as security on the bond to stay execution in sum of $25. Sarah Moore again got judgment in Superior Court for $10, the value of the steer and costs. Judgment was rendered against Henderson, surety on the stay bond, for $10 and the costs at Fall Term, 1896, which together amounted to about $80, and for which execution issued against Henderson, who institutes this present action for his relief. A temporary order of restraint was granted, which at the hearing was dissolved and the case dismissed, on the ground that the plaintiff had mistaken his remedy.

Plaintiff excepted, and appealed.

*Messrs. W. W. Barber,* and *Glenn & Manly,* for appellant.
*Mr. R. N. Hackett,* for appellee.

FAIRCLOTH, C. J.   The defendant in 1896 obtained a judgment against N. O. Anderson on appeal from the court of a Justice of the Peace.   The plaintiff was one of the sureties on the appeal bond, who now alleges that the judgment was for an amount in excess of his liability on said appeal bond, and seeks injunctive relief against an execution issued on the said judgment.

Every judgment of a court, having jurisdiction, is presumed to have been entered agreeably to law, and until reversed or vacated, is binding on all parties to the action. Idiots, lunatics, etc., are no exception to the rule.   *Brittain v. Mull,* 99 N. C., 483, 492.   If a judgment is erroneous, that is, contrary to law, the remedy is by an appeal.   If it be irregular, that is, contrary to the course and practice of the court, the remedy is by a motion in the cause made within a reasonable time.   *Foard v. Alexander,* 64 N. C., 69; *Neville v. Pope,* 95 N. C., 346; *Ward v. Lowndes,* 96 N. C., 367.   A court of equity does not act on the ground that a judgment at law is erroneous or irregular, when jurisdiction exists and no fraud is alleged, but it proceeds upon its own conscientious view of the merits of the matter presented.

The plaintiff in this case did not appeal to correct an error, if any was committed, nor move in the action in which judgment was entered to correct any irregularity, if there was any.   He has simply misconceived his proper remedy.

Affirmed.