DAVID M. SCOTT ET AL. v. PAULINE JARRELL.

(Filed 25 November, 1914.)

**Process—Return Term—Interpretation of Statutes—Courts—Motion to Dismiss.**

When, contrary to the provisions of our statute, Revisal, sec. 434, a summons has been issued in an action returnable within less than ten days from the term in which the defendant is to appear and answer, etc., the action will be dismissed on defendant's motion. As to the power of the court to permit amendment to the summons upon request of plaintiff, *Quere.*

APPEAL by plaintiff from *Devin, J.,* at August Term, 1914, of GUIL-FORD.

This is an appeal from an order dismissing the action, upon the ground that the summons is void or irregular.

The summons was issued by the clerk of the Superior Court of Guilford County, North Carolina, on 12 August, 1914, and was made returnable to the next regular term of said court, which commenced on the 17th of said month. The summons was received and served by the sheriff on the 13th of said month.

During the court commencing 17 August, 1914, the defendant entered a special appearance, and made the motion to dismiss the action for the reason that the original summons bears date 12 August, 1914, and was returnable on 17 August next thereafter.

The motion of the defendant was allowed, to which the plaintiffs excepted.

*R. R. King, Jr., King & Kimball for plaintiffs.*
*Peacock & Dalton, Morehead & Morehead, Brooks, Sapp & Williams for defendant.*

ALLEN, J. It is not necessary to pass on the power of the court to amend the summons, as the plaintiff declined to ask for an amendment, and elected to abide by the summons as issued.

The statute provides (Rev., sec. 434) that "If any summons shall be issued within less than ten days of the beginning of the next term of the Superior Court for the county in which it is issued, it shall be made returnable to the second term of said court next after the date of its issuing, and shall be executed and returned by the proper officer accordingly," and the summons is in direct contravention of its terms and at least irregular.

As was said in *Stafford v. Gallop,* 123 N. C., 23, "The object of service of process is to advise the defendant of the plaintiff's action, and that he must appear at the time and place named and make his defense, and in default therein judgment will be prayed," and by the writ in this case the defendant was notified to appear at a time and place other than that required by the statute.

Treating it as irregular and not void process, the case of *S. v. Johnson,* 109 N. C., 852, furnishes an analogy. In that case the notice of appeal from a justice to the Superior Court was defective, and a motion to dismiss for that reason was made and denied. Upon appeal to this Court the action was dismissed, although the power was recognized in the Superior Court to allow notice of appeal to issue upon the motion to dismiss being made.

No request for the exercise of the power having been made, and the writ being in violation of the language of the statute, the action was properly dismissed.

Affirmed.