LOUVENIA PHILLIPS v. R. L. RAY ET AL.

(Filed 23 September, 1925.)

**Appeal and Error—Objections and Exceptions—Irregular Judgments—Motions.**

A judgment in appellant's favor taxing the costs of action at variance with the decision of the Supreme Court rendered on appeal, signed upon appellant's motion in the Superior Court, C. S., 659, after examination had been afforded to the appellee's attorney, is not irregular, and when not thus taken through mistake, inadvertence, surprise or excusable neglect, the procedure is by exception and appeal, and not by motion in the cause at a subsequent term of the trial court.

APPEAL by defendants from *Bond, J.,* at February Term, 1925, of JOHNSTON.

At April Term, 1922, judgment was rendered that plaintiff in this action recover of defendants the sum of $1,500, with interest from 3 November, 1919. It was further adjudged that plaintiff pay the costs. From this judgment, defendants appealed to the Supreme Court. The appeal was heard at Fall Term, 1922, of the Supreme Court, and the judgment was affirmed. No opinion was filed, 184 N. C., 796. It was ordered that defendants pay the costs incurred by the appeal in the Supreme Court.

At December Term, 1922, of the Superior Court of Johnston County, plaintiff moved for judgment upon the certificate that the judgment appealed from had been affirmed by the Supreme Court, C. S., 659. The judgment prepared by attorney for plaintiff, after same had been shown to attorney for defendants, was signed by the judge presiding. In this judgment, it was adjudged that defendants pay the costs, contrary to the provisions of the judgment which had been affirmed, on defendants' appeal, by the Supreme Court. This judgment was signed without the knowledge of defendants, and although shown to their attorney before same was tendered to the judge, was not consented to by him.

As soon as defendants discovered that judgment had been signed upon certificate of Supreme Court, contrary to the provisions of the judgment affirmed by said court, upon appeal, and within one year from its rendition, defendants moved in this action that said judgment be corrected. Upon the hearing of this motion, the court being of the opinion that defendants' remedy was by an appeal from the judgment to the Supreme Court, and not by motion in the original cause, denied the same. From judgment denying their motion, defendants appealed.

*Ed S. Abell for plaintiff.*
*R. L. Ray for defendants.*

PER CURIAM. It was error for the Superior Court of Johnston County, at December Term, 1922, to render judgment, upon the certificate from the Supreme Court, contrary to the provisions of the judgment rendered at April Term, 1922, and affirmed upon appeal to the Supreme Court, with respect to the costs. Said judgment was erroneous; it could not be corrected, at a subsequent term of the said court. It could have been corrected only by appeal to the Supreme Court. The judgment is not irregular; nor is it contended or found that it was taken against defendants through their mistake, inadvertence, surprise or excusable neglect. Defendants complain that the judgment is erroneous and ask

that same be corrected. It was not, therefore, reviewable at a subsequent term of the Superior Court; *Dockery v. Fairbanks,* 172 N. C., 529. "A judgment of the Superior Court rendered in term by the judge can be reviewed for error only upon appeal to the Supreme Court upon exceptions duly noted," *Duffer v. Brunson,* 188 N. C., 789; *Livestock Co. v. Atkinson,* 189 N. C., 250; *Caldwell v. Caldwell,* 189 N. C., 805.

There is no error and the judgment is

Affirmed.