### MRS. MILDRED J. MILLS v. GEORGE D. RICHARDSON.

(Filed 28 April, 1954.)

**1. Pleadings § 15—**

Where there is a defective statement of a good cause of action, the complaint is subject to amendment and the cause should not be dismissed until after the time for obtaining leave to amend has expired, G.S. 1-131; but where there is a statement of a defective cause of action, final judgment dismissing the action is proper.

**2. Same: Judgments § 27c—**

Where there is a defective statement of a good cause of action, judgment dismissing the action is erroneous, but after term the sole procedure to correct the error of law is by appeal.

**3. Pleadings § 22b—**

Judgment was entered sustaining demurrer and dismissing the cause of action, and plaintiff appealed. At a subsequent term the court allowed plaintiff's motion to set aside the judgment of dismissal as being contrary to G.S. 1-131 and allowed plaintiff's request to withdraw the appeal and file an amended complaint. *Held:* After expiration of the term the court was without authority to reinstate the action and allow amendment of the complaint, the action having been dismissed by a final judgment.

**4. Appeal and Error § 2—**

Where, upon demurrer, a cause of action is dismissed, and at a subsequent term plaintiff is allowed to withdraw her appeal from the final judgment and file an amended complaint, such order affects a substantial right of the defendant and he is entitled to appeal therefrom. G.S. 1-277.

APPEAL by defendant from *Stevens, J.,* Second February (1954) Civil Term, of WAKE.

Civil action to recover damages on account of personal injuries. Allegations of the complaint, indicating the nature of the action, are summarized below.

On or about 5 April, 1951, the defendant owned a two-story business building at #313½ Fayetteville Street, Raleigh, N. C. The second floor was leased to and occupied by the Employment Security Commission. Access thereto was by a stairway leading from the street to the second floor office space. The outer edge of each step of this stairway was covered by a metal strip. It was necessary for the plaintiff, employed as an office worker by the Employment Security Commission, to use this stairway in going to and from her work; and, when she started to walk down the stairway, the heel of one of her shoes caught on a loose and worn metal strip on the step near the top landing, thereby causing her to fall to the bottom of the stairway and to sustain personal injuries. She alleges that such injuries were proximately caused by the negligence of the defendant, (1) in that he failed to keep his building in a reasonably safe condition, (2) in that he allowed the metal strip on the step where she fell to become worn, loose and to protrude above the surface of the step to which it was attached, and (3) in that he failed to have the stairway, steps and metal strips inspected by competent mechanics at reasonable intervals.

The action was commenced 23 May, 1953. The defendant demurred to the complaint, specifying primarily a failure to allege facts sufficient to show legal duty on the part of the defendant to the plaintiff in respect of the matters alleged, and prayed that the demurrer be sustained and

*the action dismissed.* Thereafter, at September Civil Term, 1953, by leave of court, the plaintiff amended her complaint by adding an allegation to the effect that the stairway involved, at the time of plaintiff's injury on or about 5 April, 1951, was "under the sole and exclusive control of the defendant, George D. Richardson, who was charged with the duty of keeping the same in a reasonably safe condition." The defendant filed a demurrer to the amended complaint, substantially the same as his demurrer to the original complaint.

At the First February (1954) Civil Term, which convened 1 February, 1954, after hearing on the demurrer to the amended complaint before Stevens, J., judgment was entered as follows:

"It is thereupon ordered, adjudged and decreed that defendant's demurrer be and the same is hereby sustained and that this action be dismissed. . . . This February 2, 1954."

To the court's ruling and judgment the plaintiff excepted and gave notice of appeal in open court; and thereupon, by agreement, an order was entered specifying what would constitute the record on appeal.

At the Second February (1954) Civil Term, which convened 15 February, 1954, the plaintiff, under date of 16 February, 1954, filed a motion, wherein she asked the court to set aside, as being contrary to G.S. 1-131, that part of the judgment entered at the prior term, to wit, the First February (1954) Civil Term, which dismissed the action, and asked further that she be allowed to withdraw her appeal and file an amended complaint setting forth new facts that had just come to the knowledge of her counsel. By order dated 22 February, 1954, Stevens, J., granted in all respects the plaintiff's motion. Thereupon, the defendant excepted and appealed.

*Thomas W. Ruffin for plaintiff, appellee.*
*A. J. Fletcher, F. T. Dupree, and G. Earl Weaver for defendant, appellant.*

BOBBITT, J. Did the court below, at the Second February (1954) Civil Term, have authority, upon withdrawal of plaintiff's appeal, to strike out the judgment dismissing the action entered at the First February (1954) Civil Term? Authoritative decisions compel a negative answer.

The plaintiff, having appealed from the judgment entered at the First February (1954) Term, elected to abandon or withdraw her appeal. She had a legal right to do so.

However, upon abandonment or withdrawal of her appeal, the judgment from which her appeal was taken remained unchallenged. This was a final judgment, which by its express terms sustained the demurrer and

dismissed the action. True, if it had sustained the demurrer, without dismissing the action, the plaintiff, within thirty days from 2 February, 1954, upon notice, could have moved for leave to amend. G.S. 1-131. *Harris v. Board of Education,* 217 N.C. 281, 7 S.E. 2d 538.

Our decisions draw a distinction between (1) a defective statement of a good cause of action and (2) a statement of a defective cause of action. *Davis v. Rhodes,* 231 N.C. 71, 56 S.E. 2d 43, and cases cited. *Scott v. Veneer Co., ante,* 73. In each instance, the demurrer should be sustained. Where there is a defective statement of a good cause of action, the complaint is subject to amendment; and the action should not be dismissed until the time for obtaining leave to amend has expired. G.S. 1-131. But where there is a statement of a defective cause of action, final judgment dismissing the action should be entered.

In *Davis v. Rhodes, supra,* the plaintiff alleged that his intestate was killed by the negligence of the defendant in an automobile-motor scooter collision. The demurrer was sustained on the ground that the complaint did not set forth the facts constituting the alleged negligence. The trial judge dismissed the action. This Court reversed on the ground that, since the complaint was defective in its statement of a good cause of action, it was subject to amendment.

In *Scott v. Veneer Co., supra,* this Court upheld the trial court in sustaining the demurrer and in dismissing the action since the allegations of the complaint affirmatively disclosed that there was a defective cause of action, *i.e.,* that the plaintiff had no cause of action against the defendant.

As stated by *Pearson, C. J.,* in *Garrett v. Trotter,* 65 N.C. 430 : "When there is a defect in substance, as an omission of a material allegation in the complaint, it is a defective statement of the cause of action; and the demurrer must specify it, to the end that it may be amended by making the allegation. And when there is a statement of a defective cause of action, the demurrer must specify, to the end that as there is no help for it, the plaintiff must stop his proceeding without a further useless incurring of costs."

Conceding, without deciding (see *Wilson v. Dowtin,* 215 N.C. 547, 2 S.E. 2d 576; *Leavitt v. Rental Co.,* 222 N.C. 81, 21 S.E. 2d 890), that the amended complaint contained a defective statement of a good cause of action, the judgment at the First February (1954) Term, in respect of its dismissal of the action, was entered upon a mistaken principle of law or, as the plaintiff put it in her motion, "contrary to G.S. 1-131."

The distinction between void, erroneous and irregular judgments was pointed out by *Merrimon, C. J.,* in *Carter v. Rountree,* 109 N.C. 29, 13 S.E. 716, as follows: "A void judgment is one that has merely semblance, without some essential element or elements, as when the court purporting

to render it has not jurisdiction. An irregular judgment is one entered contrary to the course of the court—contrary to the method of procedure and practice under it allowed by law in some material respect; as if the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury trial and did not waive his right to the same. *Vass v. Building Association,* 91 N.C. 55; *McKee v. Angel,* 90 N.C. 60. *An erroneous judgment is one rendered contrary to law. The latter cannot be attacked collaterally at all, but it must remain and have effect until by appeal to a court of errors it shall be reversed or modified.* An irregular judgment may ordinarily and generally be set aside by a motion for the purpose in the action. This is so because in such case the judgment was entered contrary to the course of the court by inadvertence, mistake or the like. A void judgment is without life or force, and the court will quash it on motion, or *ex mero motu.* Indeed, when it appears to be void, it may and will be ignored everywhere, and treated as a mere nullity." (Emphasis added.) The later decisions are in full accord: *Stafford v. Gallops,* 123 N.C. 19, 31 S.E. 265; *Moore v. Packer,* 174 N.C. 665, 94 S.E. 449; *Duffer v. Brunson,* 188 N.C. 789, 125 S.E. 619; *Simms v. Sampson,* 221 N.C. 379, 20 S.E. 2d 554. See McIntosh, N.C.P.&P. 734-737.

The judgment entered at the First February (1954) Term was not void, for the court had jurisdiction of the parties and over the subject matter. It was not irregular, for the cause came on regularly for hearing and was heard and judgment entered. Indeed, the appellee's contention is that it was rendered contrary to law, that is, based upon an erroneous application of legal principles. The order of 22 February, 1954, refers to the dismissal of the action as "erroneous." If this be conceded, it was an erroneous judgment. *Stafford v. Gallops, supra.* In such case, upon expiration of the term at which the judgment was rendered, it could be corrected only by this Court; for as stated by Professor McIntosh, "after the term neither the judge who rendered the judgment nor another judge holding the court can set it aside for such error, and the only remedy is an appeal or a *certiorari* as a substitute for an appeal." McIntosh, N.C. P.&P., p. 736; *Simmons v. Dowd,* 77 N.C. 155; *May v. Lumber Co.,* 119 N.C. 96, 25 S.E. 721; *Henderson v. Moore,* 125 N.C. 383, 34 S.E. 446; *Becton v. Dunn,* 142 N.C. 172, 55 S.E. 101; *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329; *Phillips v. Ray,* 190 N.C. 152, 129 S.E. 177; *Wellons v. Lassiter,* 200 N.C. 474, 157 S.E. 434; *Williams v. Williams,* 190 N.C. 478, 130 S.E. 113; *Clark v. Cagle,* 226 N.C. 230, 37 S.E. 2d 672; *Dellinger v. Clark,* 234 N.C. 419, 67 S.E. 2d 448.

The judgment entered at the First February (1954) Term, in consequence of the plaintiff's withdrawal or abandonment of her appeal, being a final judgment dismissing the action, the court below was without

authority to reinstate the action and allow further amendment of the complaint. The order of 22 February, 1954, allowing plaintiff's motion of 16 February, 1954, purported to do so. This affected a substantial right of the defendant. He was entitled to appeal therefrom. G.S. 1-277. His assignment of error is well taken and the order of 22 February, 1954, is

Reversed.