DEMOS KARROS AND GUS HAVELOS v. OTIS TRIANTIS.

(Filed 25 November, 1964.)

**1. Judgments § 28—**

A judgment dismissing an action instituted to set aside a former judgment is *res judicata* and bars a subsequent action between the parties to set aside the judgment, the remedy if the judgment of dismissal was erroneous being solely by appeal.

**2. Appeal and Error § 21—**

A sole exception to the judgment presents only the face of the record proper for review.

APPEAL by plaintiffs from *Hobgood, J.,* April 1964 Session of WAKE.

In this action, which was instituted October 7, 1963, plaintiffs pray "that the judgment rendered by McKinnon, J., at the November Term 1960, of Wake Superior Court be set aside and a new trial ordered." Defendant demurred to the complaint on the ground it appears therefrom that the issues attempted to be raised herein "have heretofore been determined and adjudicated."

Defendant's demurrer was in substance a plea of *res judicata;* and the record indicates the hearing below was on facts alleged in the complaint and stipulated facts. The relevant facts are summarized below.

On November 1, 1956, Triantis (defendant herein) instituted an action against Karros and Havelos (plaintiffs herein); and, after trial of said action before McKinnon, J., and a jury, at November Term 1960, of Wake Superior Court, Triantis recovered a judgment against Karros and Havelos, jointly and severally, for $1,800.00 plus interest and costs. The action was to disaffirm a sale by Triantis to Karros and Havelos of a restaurant or an interest therein. The verdict included a

jury determination that "the plaintiff (was) under the age of 21 years at the time of entering into agreements with the defendants and accepting payments thereunder, as alleged in the Complaint."

In the trial of said action, Triantis introduced evidence tending to show he was born on May 21, 1935. He so testified. He offered evidence "that the plaintiff's naturalization papers and insurance papers and war service papers showed his birthday at May 21, 1935." Too, he "produced a judgment" of a court of Greece entered May 22, 1959, to the effect he was born on May 21, 1935. Karros and Havelos "had no notice of this action in Greece." They contended Triantis "was born on the 2nd day of January, 1935, and was Christened on the 18th day of the same month, but did not have proof of that fact other than oral testimony."

In his complaint in said action, plaintiff admitted "he had received on the purchase price" the sum of $500.00 on March 1, 1956, and $100.00 on May 15, 1956. Karros and Havelos then alleged and now allege that Triantis accepted these payments after he had reached the age of 21 years and thereby ratified his contract with them.

Karros and Havelos gave notice of appeal from said judgment of McKinnon, J., but did not perfect an appeal therefrom.

In December, 1960, Karros and Havelos instituted an action "in the appropriate Court of Greece" to determine the true date of the birth of Triantis. Karros and Havelos and also Triantis were represented by counsel in said action. In said action, on the 19th day of December, 1961, "the said Court in Greece entered a judgment setting aside the judgment that Otis Triantis was born on the 21st day of May, 1935, and finding on the contrary that he was born on the 2nd day of January, 1935, and was christened on the 18th day of the same month." (Note: The judgment of December 19, 1961, contains this provision: "VI. Whereas, both parties in the present instance had reasonable doubts on the outcome of the suit, as it appears from the evidence produced by them, the judicial costs must be set off in part (art. 211, paragraph 2, of the Civil Procedure Law).")

On March 8, 1962, Karros and Havelos instituted an action against Triantis in Wake Superior Court to set aside the said judgment entered by McKinnon, J., at November Term, 1960, on the ground "said judgment had been procured by the false and fraudulent testimony of . . . Triantis." At October Term, 1962, a judgment dated October 8, 1962, entered by Clark (Heman R.), J., upheld defendant's demurrer to complaint, allowed defendant's plea of *res judicata* and dismissed the action. Notice of appeal was given but the appeal was abandoned.

The said judgment of McKinnon, J., is identified as No. D-1284, Judgment Docket 74, page 87; and the said judgment of Clark, J., is identified as No. D-4830, Judgment Docket 78, page 172.

The said judgment of October 8, 1962, entered by Clark, J., is worded as follows:

"THIS CAUSE duly and regularly came on to be heard and it was heard at this the First October, 1962, Regular Civil Term of this Court by and before the undersigned Presiding Judge upon the defendant's demurrer to the complaint and motion to dismiss this cause and plea of *res adjudicata* because of an action in this Court entitled *'Otis Triantis v. Demos Karros and Gus Havelos,'* No. D-1284, judgment in which action was duly entered sometime ago in Judgment Docket 74, Page 87, in the office of the Clerk of this Court; and it appearing to the Court, and this the Court so finds, that the parties in this cause and the parties in said other cause are the same and that the circumstances and the controversy of the two causes are the same, after hearing arguments of counsel for the plaintiffs and counsel for the defendant, it is, upon due consideration, ORDERED that the defendant's demurrer be, and it is hereby sustained; and it is further ORDERED that the defendant's motion to dismiss this action be, and the same is hereby, sustained; and it is found by the Court that the defendant's plea of *res adjudicata* because of said other action and judgment therein is proper; and it is further ORDERED that said plea be, and it is hereby, allowed:

"NOW, THEREFORE, in consideration of the premises, it is ORDERED, ADJUDGED and DECREED that this action be, and the same is hereby, dismissed, the costs hereof to be paid by the plaintiffs."

The judgment entered by Judge Hobgood in this action on May 25, 1964, after recitals, concludes:

"And after hearing argument of counsel for the plaintiffs and counsel for the defendant it is, upon due consideration,

"ORDERED that said demurrer be, and the same is hereby, sustained, and it is further ORDERED, ADJUDGED and DECREED upon the finding by the Court that said other judgment entered in Judgment Docket 74 at page 87 in the office of the Clerk of this Court, No. D-1284, and the judgment entered as aforesaid in Judgment Docket 78 at page 172 in the office of the Clerk of this Court, No. D-4830, constitute and each of them constitutes *res judicata* for the above-entitled action, that this action be, and the same is hereby, dismissed at the cost of the plaintiffs."

Plaintiffs excepted and appealed.

*Morris & Hinsdale for plaintiff appellants.*
*John D. Xanthos and R. L. McMillan for defendant appellee.*

PER CURIAM. This is the *second* action instituted by plaintiffs to set aside the judgment entered by McKinnon, J., at November Term 1960. The *first* was instituted March 8, 1962, after plaintiffs, in January 1962, had acquired knowledge that the court in Greece, on December 19, 1961, had modified its prior judgment of May 22, 1959. The judgment of Clark, J., entered therein on October 8, 1962, sustained defendant's demurrer, allowed defendant's plea of *res judicata* and dismissed the action. If erroneous, the said judgment of Clark, J., could be corrected only by this Court on appeal. *Mills v. Richardson,* 240 N.C. 187, 81 S.E. 2d 409. Plaintiffs did not see fit to perfect their appeal. Since said judgment of Clark, J., constitutes a bar to this action and supports Judge Hobgood's judgment herein, it is unnecessary to consider other grounds for affirmance of Judge Hobgood's judgment.

It is noted: Unless the fact that the judgment entered May 22, 1959, in the court in Greece, was modified by the judgment entered therein on December 19, 1961, is so considered, plaintiffs' allegations herein do not specify any ground on which they seek to set aside the judgment entered by McKinnon, J., at November Term, 1960.

The only exception appearing in the record is an exception to the judgment. This presents only the face of the record proper for inspection and review. *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208. No error appears thereon. Indeed, the record proper, the stipulated facts and the judgment of Clark, J., affirmatively support Judge Hobgood's judgment.

Affirmed.