SARAH MARGARET SAWYER, by her Next Friend, MIRIAM S. SAWYER AND WALTER W. SAWYER, III, v. GWENDOLYN BRINKLEY SAWYER.

(Filed 12 June 1968.)

1. **Appeal and Error § 26—**

Where the only assignment of error is to the signing and entry of an order setting aside a default judgment, review is limited to a determina-

SAWYER v. SAWYER.

tion of whether the facts found and admitted are sufficient to support the judgment.

**2. Judgments § 24—**

A defendant is entitled to have a default judgment set aside under G.S. 1-220 only upon a showing of excusable neglect and a meritorious defense.

**3. Appeal and Error §§ 26, 28—**

Exception and assignment of error to the signing of an order setting aside a default judgment do not present for review the findings of fact or the evidence on which they are based.

APPEAL from *Cohoon, Resident Judge* of the First Judicial District, in chambers, 22 December 1967.

Plaintiffs filed their complaint on 27 June 1967 and amendment thereto on 7 July 1967. Defendant was served on 13 July 1967. Time for answer was extended to and including 1 September 1967 by order of the clerk entered 4 August 1967. By written stipulation entered into 1 September 1967, time was further extended to and including 11 September 1967. Because of illness of defendant's counsel, and by oral agreement of counsel, time for answer was further extended to and including Friday, 15 September 1967. On that date at approximately 5:05 p.m., defendant's counsel telephoned plaintiffs' counsel and advised that for "some unknown reason" defendant had not arrived at his office to sign the answer. Plaintiffs' counsel advised that his client would not grant any further extensions and the answer must be filed by midnight. Subsequently, however, it was agreed that the answer could be executed on Saturday. The answer, although executed on Saturday, was not filed until Monday afternoon. Prior to the filing of the answer by defendant's counsel, plaintiffs' counsel had, earlier on Monday, obtained a judgment by default. On 1 December 1967, defendant moved to set the judgment aside. The matter was heard by Cohoon, J., in chambers, by consent of the parties, on affidavits and arguments of counsel. The court entered an order setting aside the judgment, and plaintiffs appealed.

*Small, Small & Watts by Thomas S. Watts for plaintiff appellants.*

*Forrest V. Dunstan for defendant appellee.*

MORRIS, J. Plaintiffs do not bring forward any exceptions or assignments of error to any finding of fact by the court. The only assignment of error is to the signing and entry of the order setting aside the default judgment. We, therefore, limit ourselves to a determination of whether the facts found and admitted are sufficient

to support the judgment. 1 Strong, N. C. Index 2d, Appeal and Error, § 26; *Highway Commission v. Reynolds Co.,* 272 N.C. 618, 159 S.E. 2d 198.

Defendant's motion to set aside was made pursuant to G.S. 1-220. To be entitled to have the judgment set aside, he must show excusable neglect and a meritorious defense. *Greitzer v. Eastham,* 254 N.C. 752, 119 S.E. 2d 884.

The findings of fact of Cohoon, J., are full and detailed with respect to the reasons for the failure of the defendant's attorney to file the answer on Saturday or during the day on Monday. This was obviously the result of an inadvertent misunderstanding between counsel. However, the only finding as to defendant's failure to come to her attorney's office at the appointed time to sign the answer is contained in finding no. 4 "That at approximately 5:05 p.m. on Friday, September 15, 1967, defendant's counsel telephoned plaintiffs' counsel to advise that his client, the defendant, for some unknown reason had not come to Elizabeth City, N. C. from Norfolk, Virginia to execute the answer duly prepared . . ." Plaintiffs contend that defendant is guilty of inexcusable neglect and should not be allowed to have the default judgment set aside. The court found that "for some unknown reason" the defendant did not come to sign the answer. We will not assume that she is chargeable with inexcusable neglect. Plaintiffs did not except to the finding of fact nor request findings not made. Their exception is a general exception. This broadside assignment of error is ineffectual to challenge the findings of fact or the sufficiency of the evidence to support the findings. *King v. Snyder,* 269 N.C. 148, 152 S.E. 2d 92.

Plaintiffs also contend that defendant has no meritorious defense. The court found as a fact "that the answer filed by the defendant with the Clerk of Superior Court on September 18, 1967 asserts a meritorious defense . . ." Again plaintiffs took no exception to the finding of fact nor did they tender any finding which the court failed to adopt. The same rule is applicable as set out by Bobbitt, J., in *King v. Snyder, supra:*

> "Defendant's general exception to Judge McLean's order does not present for review the admissibility of the evidence on which the findings of fact are based or the sufficiency of the evidence to support the findings."

The facts found by the court are sufficient to support the judgment to set aside the default judgment.

No error.

CAMPBELL and BRITT, JJ., concur.