SARAH MARGARET SAWYER, BY HER NEXT FRIEND MIRIAM S. SAWYER, AND WALTER W. SAWYER, III v. GWENDOLYN BRINKLEY SAWYER

No. 691SC222

(Filed 28 May 1969)

**1. Pleadings § 19— effect of demurrer — legal conclusions of pleader**

A demurrer to a complaint for failure to state facts sufficient to constitute a cause of action admits only those facts which are properly pleaded, and the legal inferences and conclusions of the pleader are to be disregarded.

**2. Judgments § 8— consent judgment**

A consent judgment is a contract between the parties entered upon the records of the court with the approval and sanction of a court of competent jurisdiction.

**3. Judgments § 8— validity of consent judgment**

The validity of a consent judgment depends upon the consent of the parties, without which it is void.

**4. Pleadings § 19— demurrer — construction of an instrument incorporated in pleadings**

A demurrer does not admit the alleged construction of an instrument when the instrument itself is incorporated in the pleadings and the construction alleged is repugnant to the language of the instrument.

**5. Pleadings § 26— demurrer — allegations of repugnant statement of facts**

Where a complaint stating a single cause of action alleges two repugnant statements of fact, the repugnant allegations destroy and neutralize each other, and demurrer will lie where the remaining averments are insufficient to state a cause of action.

**6. Contracts § 25; Pleadings § 26— breach of contract — repugnant allegations — statement of defective cause of action**

In an action for breach of contract, the complaint contains a statement of a defective cause of action where plaintiffs allege that defendant bound herself by contract to provide for the support and college education of plaintiffs and the contract attached to and incorporated into the complaint shows affirmatively that defendant made no such agreement.

**7. Pleadings § 29— judgment on demurrer — defective cause of action**

A judgment dismissing the action is proper where the complaint contains a statement of a defective cause of action.

**8. Contracts § 31— wrongful inducement of breach of contract**

An action in tort lies against an outsider who knowingly, intentionally and unjustifiably induces one party to a contract to breach the contract to the damage of the other party.

**9. Contracts § 31— wrongful inducement of breach of contract — "outsider" to the contract**

A person who was a party to a contract in the form of a consent judgment only for the purpose of setting aside a conveyance to her of the

property in question is an "outsider" who may be sued for wrongfully inducing one party to the contract to breach the contract to the damage of the other parties.

**10. Contracts § 32— wrongful inducement of breach of contract — necessary allegations**

The complaint in an action for wrongfully inducing a breach of contract is subject to demurrer where it fails to allege that the contract would have been performed but for the conduct of the defendants.

APPEAL by plaintiffs from *Fountain, J.*, December 1968 Session of Superior Court of CAMDEN County.

Upon the call of this case for trial the jury was impaneled and before any evidence was offered the defendant demurred *ore tenus* on the grounds that the complaint, as amended, did not state a cause of action. To the entry of the judgment allowing the demurrer the plaintiffs excepted, assigned error and appealed to the Court of Appeals.

*Small, Small & Watts by Thomas S. Watts for plaintiffs appellant.*

*Forrest V. Dunstan for defendant appellee.*

MALLARD, C.J.

This case has been here before upon an appeal by plaintiffs from an order setting aside a judgment of default and inquiry. The opinion in that case is reported in 1 N.C. App. 400, 161 S.E. 2d 625.

Plaintiffs allege that they are residents of Pennsylvania, and that the defendant is a resident of Virginia. However, the question of jurisdiction is not presented on this appeal. In the original complaint there was an allegation that certain lands situate in Camden County and described in the complaint had been attached. This allegation was stricken by plaintiffs in an amendment to the complaint as a matter of right pursuant to G.S. 1-161.

In the amended complaint filed 7 July 1967, it is alleged that a contract dated 3 March 1958 in the form of a consent judgment was entered into by the two plaintiffs, their mother, Miriam Sawyer King, now called Miriam S. Sawyer, and Walter W. Sawyer, Jr., their father, and his wife, Gwendolyn B. Sawyer, in an action instituted by the then minor plaintiffs and their mother against their father and stepmother. The marriage of the mother and father of the plaintiffs had theretofore ended in a divorce. Plaintiffs allege that Walter W. Sawyer, Jr. died testate on 8 October 1965 a resident of Norfolk, Virginia, and that in his will he devised and bequeathed all of his

property to the defendant, Gwendolyn B. Sawyer. The will has been probated in Virginia but has not been probated or offered for probate in North Carolina "although said decedent owned both real and personal property situate in North Carolina at the time of his death." Plaintiffs allege that Walter W. Sawyer, Jr., breached the contract and consent judgment in that no support payments have been paid for the benefit of Sarah Margaret Sawyer since June 1965, and that she would not become 18 years of age until 13 September 1967; in that he failed to assume the burden of a four year college education for the plaintiff Walter W. Sawyer, III; "in that he devised the lands described in the consent judgment to Gwendolyn Brinkley Sawyer," thereby failing to retain sufficient property to satisfy the duty of support owed to his children. Plaintiffs also allege that Gwendolyn Brinkley Sawyer has breached the contract and consent judgment in that she has failed and refused to pay plaintiffs money "as therein specified," and in that she "counselled and advised her late husband, the natural father of the plaintiffs to breach said contract" and "actively assisted, conspired in and promoted" the breaches of it on the part of Walter W. Sawyer, Jr.

Plaintiffs also allege that the consent judgment impresses an equitable trust or charge on the lands described in the complaint and seek to enforce their lien or charge on such lands.

The pertinent parts of the judgment dated 3 March 1958 which was consented to by Miriam Sawyer King, "individually, and as next friend and guardian to the minor children," and Walter W. Sawyer, Jr., and Gwendolyn B. Sawyer, read as follows:

"Now, THEREFORE, BY CONSENT, IT IS ORDERED, ADJUDGED AND DECREED that the defendant Walter W. Sawyer, Jr., be, and he hereby is directed to pay to the plaintiff Miriam Sawyer King and her attorneys, LeRoy & Goodwin, at the law offices of said LeRoy & Goodwin, the sum of $1600, in full and final settlement of all controversies heretofore existing whether emanating from plaintiff or as a result of matters and things pertaining to Walter W. Sawyer, III, and Sarah Margaret Sawyer, minor children of the said Walter W. Sawyer, Jr. and Miriam Sawyer King.

It is further ORDERED that within three days following the execution of this judgment the said Walter W. Sawyer shall forward to the said Miriam Sawyer King, at an address furnished by her attorneys, LeRoy & Goodwin, a check for $100 for the use and support of the two said minor children for the month of February, 1958, and on or prior to the 10th day of each succeed-

ing month through the calendar year 1958, shall in like manner forward said plaintiff, Miriam Sawyer King, and for such purpose, an additional check in the sum of $100; that, beginning in January, 1959, and extending through December, 1959, the said defendant will pay the said plaintiff for like purpose the sum of $125 per month on or before the 10th day of each month; that, beginning in January, 1960, the said defendant will pay the said plaintiff, for like purpose the sum of $150 per month on or before the 10th day of each month through the calendar year 1960; that, beginning in January, 1961, the said defendant will pay the said plaintiff for like purpose the sum of $200 per month on or before the 10th day of each succeeding month, which said payments shall continue monthly until the eldest child reaches the age of eighteen years, at which time said payments shall be cut in half and shall continue until the younger of said children reaches the age of eighteen years, at which time all such payments due hereunder shall cease.

It is further ORDERED that the defendant Walter W. Sawyer, Jr. assume the burden of a four-year college education for each of said children at the college of his choosing and that (sic) such time he shall deal directly with said minor children in supplying the necessary funds for their scholastic requirements, but in the event at any period during said four years of such college education aforementioned either or both of said children should refuse to go or to continue with college at any interim period, or should either or both of said children fail to pass their work, or by misconduct be refused by the college authorities reentry thereto, then in such event the said defendant is relieved of further educational responsibilities.

It is further ORDERED that the conveyance by the male defendant, to the femme defendant, recorded in Book 36, page 389, in the Public Registry of Camden County, N. C., pertaining to that certain tract of land designated in paragraph Seven of the Complaint be, and the same hereby is vacated and set aside, but that the conveyances as to the remainder of the property conveyed by the male defendant to the femme defendant as set forth in said complaint shall remain valid and in full force and virtue, that requisite entries be made in the Office of the Register of Deeds in Camden County for the purpose of showing the vacation of said conveyance, and the restoration of title thereto in the name of Walter W. Sawyer, Jr.

It is further ORDERED that should the said Walter W. Sawyer, Jr. mortgage or convey said property, he shall be required to

retain, subject to the jurisdiction of this Court, sufficient properties to satisfy the remaining amounts to be due for the support of said children until they reach the age of eighteen years, or, in lieu thereof, shall be required to execute a bond approved by the Clerk of the Superior Court of Pasquotank County guaranteeing the performance of such obligation.

It is further ORDERED that until each of said children reach the age of eighteen years, consecutively, general custody shall be in the plaintiff Miriam Sawyer King, but that the male defendant shall have temporary custody of said children for and during the month of July, 1958, the months of July and August, 1959, and that beginning with the calendar year 1960, he shall have custody of said children in alternate years for and during the months of July and August, as is heretofore set forth in the factual findings, and during such periods of temporary custody the payments to the plaintiff Miriam Sawyer King, for the use and benefit of said minor children, shall be suspended and that the male defendant shall provide adequate transportation and chaperonage for the purpose of carrying out such temporary custody."

[1]   "A demurrer to a complaint for failure to state facts sufficient to constitute a cause of action admits the truth of every material fact properly alleged. . . . However, it is to be noted that on demurrer only facts properly pleaded are to be considered, with legal inferences and conclusions of the pleader to be disregarded." *Lindley v. Yeatman*, 242 N.C. 145, 87 S.E. 2d 5.

[2, 3]   A consent judgment is a contract between the parties entered upon the records of the court with the approval and sanction of a court of competent jurisdiction. *Stanley v. Cox*, 253 N.C. 620, 117 S.E. 2d 826. The validity of a consent judgment depends upon the consent of the parties, without which it is void. *Overton v. Overton*, 259 N.C. 31, 129 S.E. 2d 593.

[4-8]   In their complaint, the plaintiffs allege that the defendant and Walter W. Sawyer, Jr., "agreed to support said plaintiffs and provide for their respective college educations . . ." and further that the defendant "has breached said contract in that she has failed and refused since the death of Walter W. Sawyer, Jr., to pay to the plaintiffs the sums therein specified and heretofore alleged as past due under the provisions of said contract, although the plaintiffs have demanded said sums." The plaintiffs cause of action is based upon a contract which was attached to and incorporated by reference into the complaint. "A demurrer does not admit the alleged construction

of an instrument when the instrument itself is incorporated in the pleadings and the construction alleged is repugnant to the language of the instrument." *Wright v. Casualty Co. and Wright v. Insurance Co.*, 270 N.C. 577, 155 S.E. 2d 100. A reading of the consent judgment in question reveals that the defendant in this case did not assume the burdens of support alleged in the complaint, but rather that they were upon Walter W. Sawyer, Jr. ". . . where in stating a single cause of action the complaint alleges two repugnant statements of facts, the repugnant allegations destroy and neutralize each other, and where, with the repugnant allegations thus eliminated, the remaining averments are insufficient to state a cause of action, demurrer will lie." *Lindley v. Yeatman, supra.* In the present case, the plaintiffs allege that the defendant bound herself by contract, and the contract shows affirmatively that she did not. These two contradictory statements destroy and neutralize each other, and it is plain that what remains as to the contract action is merely a statement of a defective cause of action. A judgment dismissing the action is the proper procedure to deal with a statement of a defective cause of action. *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409. However, in paragraph Ten of their complaint, the plaintiffs allege further that the defendant "counselled and advised her late husband, the natural father of the plaintiffs, to breach said contract. . . ." Ordinarily, "an action in tort lies against an *outsider* who knowingly, intentionally, and unjustifiably induces one party to a contract to breach it to the damage of the other party." (emphasis added) 2 Strong, N. C. Index 2d, Contracts, § 31. Joinder of the contract action and the tort action probably could be allowed in the present case under the provisions of G.S. 1-123 since they both arise out of the same transaction which is the subject of this action.

**[9, 10]** The question arises as to whether or not defendant was an outsider to the contract sued upon. In their brief the plaintiffs have used the following language:

> "The present defendant was an interested party to the performance of such consent judgment and a valuable consideration passed to her, namely, the relinquishing by the present plaintiffs of their efforts to set aside certain conveyances to the stepmother, defendant."

In spite of this language, we are of the opinion that defendant was an outsider insofar as the performance by Walter W. Sawyer, Jr. was concerned. The consent judgment shows by its wording that the only reason the present defendant was a party to it at all was for the purpose of setting aside a deed previously deeding the prop-

erty in question to her. However, the words of Parker, J. (now C.J.) in *Equipment Co. v. Equipment Co.,* 263 N.C. 549, 140 S.E. 2d 3 are pertinent here:

> "The allegations in plaintiff's second cause of action are deficient, *inter alia,* in that they do not allege that its prospective sale to Meredith Swimming Pool Company would have been consummated but for the malicious interference of defendant's agent Kelly. . . . Plaintiff's second cause of action does not state sufficient facts to permit the Court to say on *demurrer ore tenus* that, if the facts stated are proved, plaintiff is entitled to recover."

In the present case, there is no allegation that Walter W. Sawyer, Jr., would have performed the contract but for the conduct of the defendant.

In the absence of allegations sufficient to state a cause of action against the defendant in her individual capacity, either in tort or contract, the judgment sustaining the *demurrer ore tenus* is affirmed.

Affirmed.

BRITT and PARKER, JJ., concur.