H. T. MULLEN, JR., ADMINISTRATOR C. T. A. OF THE ESTATE OF WALTER W. SAWYER, JR. v. GWENDOLYN B. SAWYER

No. 701SC262

(Filed 24 June 1970)

Executors and Administrators § 20——   debt of the estate — consent judgment to pay for children's college education

    A consent judgment entered into by a father, his divorced wife, the two children of the marriage, and the father's second wife, wherein the father agreed to pay for the college education of the children, did not create a debt in the legal sense which would survive the father's death and become an obligation of the estate.

APPEAL by defendant from *Mintz, J.,* December 1969 Session of Superior Court held in CAMDEN County.

This proceeding was instituted for the purpose of selling certain real estate devised to the respondent herein in the will of Walter Wesley Sawyer, Jr. (Dr. Sawyer). It was alleged in the petition that it was necessary to sell the land in order to make assets for the payment of certain alleged debts of the decedent.

Petitioner H. T. Mullen, Jr., qualified as administrator c.t.a. of the estate of Dr. Sawyer in Camden County on 9 June 1969. Thereafter, two claims were filed with him. One of these claims was by Walter Wesley Sawyer, III (Walter). Walter asserted that the estate of Dr. Sawyer owed him the sum of $9,100 for educational expenses incurred by him under a 1958 consent judgment. The consent judgment was entered in the Superior Court of Pasquotank County at the February Term 1958 in an action entitled *Walter W. Sawyer, III, Sarah Margaret Sawyer, and Miriam Sawyer King v. Walter W. Sawyer, Jr., and wife, Gwendolyn B. Sawyer.*

The other claim filed with the petitioner herein was by Mrs. Sarah Margaret Foust (Sarah) for the amount of $2,700, with interest, for "delinquent child support payments" and a $16,000 claim for "future college education expenses."

Answering the allegations in the petition, the respondent alleges that Dr. Sawyer died on 8 October 1965 a resident of Virginia; that respondent qualified on Dr. Sawyer's estate in the office of the clerk of the Corporation Court, City of Norfolk, on the 14th day of October 1965; that no claim of any kind as pertains to the matters and things set forth in the petition filed herein was ever filed with the defendant as executrix of the last will and testament of Dr. Sawyer; that all debts, including costs of administration, Federal estate tax, North Carolina and Virginia inheritance taxes, were accounted for and paid; that the estate of Dr. Sawyer has been settled and closed in the State of Virginia where Dr. Sawyer and the respondent were domiciled at the time of Dr. Sawyer's death; and that the claims are barred by statute of limitations in Virginia and in North Carolina.

By consent, the matter was transferred to the civil issue docket of the Superior Court of Camden County. After the parties waived trial by jury, the case was heard by Judge Mintz at the December 1969 Session. After hearing the evidence of the parties, Judge Mintz entered a judgment making extensive findings of fact, conclusions of law, and adjudged that the property described in the pleadings be sold. The judgment, which was dated 19 December 1969, directed the administrator to pay from the proceeds thereof the sum of $8,950 to Walter; the sum of $2,400 to Sarah with interest thereon from

the date of the judgment; that the administrator shall "thereafter set aside, in his estate account. the sum of $12,000 to be paid and applied by him, in his discretion, to the expenses of a four year college education for Sarah Margaret Foust, as the same shall hereinafter accrue, together with an additional sum of $1,500.00 for such administrative expenses of said estate which may hereafter accrue; said administrator shall only pay and apply said sum of $12,000.00 to the college educational expenses of said Sarah Margaret Foust within the six (6) year period immediately following the date of this judgment."

The judgment required that the surplus assets of said estate, after providing for the payment of the items hereinabove set forth, shall be paid over to the "Virginia Executrix."

From the entry of this order, the respondent appealed to the Court of Appeals.

*Small, Small & Watts by Thomas Watts for petitioner appellee.*

*Forrest V. Dunstan and Gerald F. White for respondent appellant.*

MALLARD, C.J.

The judgment of Judge Mintz in this case covers almost eighteen pages of the record. In this judgment Judge Mintz made thirty-two findings of fact, fourteen conclusions of law, and there are nine different paragraphs in the adjudication portion of the judgment. To each of the findings of fact, except one, and to each conclusion of law, and to each paragraph of the judgment, the respondent excepts. There are eighty-two exceptions in the record and eighty-two different assignments of error. To each of the findings of fact excepted to, the respondent asserts in her exception that "same is not supported by competent evidence and is not supported by the findings of fact." The sole exception that does not have the above as the basis of the exception is that the defendant excepts to the conclusion of law designated (m) in said judgment to the effect that "(t)he marriage of Sarah Margaret Foust did not waive or invalidate her right to have the provisions of the 1958 consent judgment enforced."

To each of the nine separate parts of the adjudication in the judgment, the defendant excepts in the following language: "For that same is not supported by competent evidence, is not supported by the findings of fact, and is not supported by the conclusions of law, and is erroneous."

In addition, the eighty-second exception and assignment of error is that "the trial court committed prejudicial error in signing and entering the said foregoing judgment."

It was stipulated, among other things, that "the sum of $2,255.00 in federal estate tax was paid to the United States government as a result of the death of Dr. Walter W. Sawyer, Jr. The sum of $1,-975.31 in Virginia inheritance tax was paid to the Commonwealth of Virginia as a result of the death of Dr. Walter W. Sawyer, Jr. The sum of $298.18 in North Carolina inheritance tax was paid to the State of North Carolina as a result of the death of Dr. Walter W. Sawyer, Jr. All such estate and inheritance taxes were paid by the Virginia Executrix."

It was further stipulated that "(n)o caveat has been filed against the will of Dr. Walter W. Sawyer, Jr., either in North Carolina or Virginia."

The evidence in this case tended to show that Walter and Sarah were children of Dr. Sawyer and his first wife, Miriam Sherlock Sawyer, who were divorced on 27 October 1954; that thereafter, Dr. Sawyer and the respondent herein were married and were living in Virginia at the time of his death; that Walter was born on 24 April 1944, and Sarah was born on 13 September 1949; and that Dr. Sawyer and his first wife entered into a separation agreement, and thereafter the consent judgment involved in this present action was entered into.

The consent judgment required Dr. Sawyer to make certain payments to Miriam Sawyer King "for the use and support of the two said minor children." In addition thereto, the following part of said consent judgment is pertinent for a proper understanding of this case:

"It is further ORDERED that the defendant, Walter W. Sawyer, Jr. assume the burden of a four year college education for each of said children at the college of his choosing and that such time he shall deal directly with said minor children in supplying the necessary funds for their scholastic requirements, but in the event at any period during said four years of such college education aforementioned, either or both of said children should refuse to go or to continue with college at any interim period, or should either or both of said children fail to pass their work, or by misconduct be refused by the college authorities reentry thereto, then, in such event, the said defendant is relieved of further educational responsibilities."

Other parts of the consent judgment dated 3 March 1958 are quoted in an opinion of this court filed in the case of *Sarah Margaret Sawyer, by her Next Friend, Miriam S. Sawyer, and Walter W. Sawyer, III v. Gwendolyn Brinkley Sawyer,* reported in 4 N.C. App. 594, 167 S.E. 2d 471 (1969). In that case plaintiffs sought to recover of the defendant on the consent judgment. These same parties were also before this court upon an appeal by the plaintiffs from an order setting aside a judgment of default and inquiry. The opinion in that case is reported in 1 N.C. App. 400, 161 S.E. 2d 625 (1968).

The evidence also reveals that Walter, after having been graduated from high school in the Spring of 1962, attended Old Dominion College, the college of Dr. Sawyer's choice. Walter entered this college in the Fall of 1962 but voluntarily quit and withdrew that same Fall and did not thereafter attend the school chosen by his father.

The evidence tended to show that prior to his death on 8 October 1965, Dr. Sawyer had made the required support payments to his first wife for the support of the children as required by the 1958 consent judgment. At the time of Dr. Sawyer's death, the son, Walter, was twenty-one years of age. Sarah reached her eighteenth birthday on 13 September 1967, and it was stipulated that she did not receive any support from Dr. Sawyer or his estate from 8 October 1965 through 13 September 1967.

It was also stipulated that neither of Dr. Sawyer's children received any money from him for their college education with the exception of the money paid for the benefit of Walter during the time he lived in his father's home in Virginia and attended Old Dominion College. It was also stipulated "(t)hat the Will of Walter Wesley Sawyer, Jr. has been duly filed and probated by the Clerk of Superior Court of Camden County, North Carolina, and that H. T. Mullen, Jr. has been duly qualified and is acting in his fiduciary capacity as Administrator C.T.A. That there is no personal property of the estate of Walter Wesley Sawyer, Jr. to be found in the State of North Carolina."

The evidence in this case also tended to show that Sarah was graduated from high school in 1967 and that shortly thereafter, she was married. The date of her marriage is not given. However, it does appear from the evidence that a child was born of the marriage in May of 1968.

Petitioners assert in their brief: "This court previously held in

*Sawyer v. Sawyer,* 4 N.C. App. 594 at 599 (1969), that the burdens of support rested upon the father. By using the plural, this court clearly indicated both the support obligation and the education costs rested on the father." In making this contention, petitioners have misinterpreted the decision. What this court said in that opinion was: "A reading of the consent judgment in question reveals that the defendant in this case did not assume the burdens of support alleged in the complaint, but rather that they were upon Walter W. Sawyer, Jr." This language cannot be logically construed to mean that this court was holding in that case that the liability of the estate of Dr. Sawyer for the support or education of the children survived the death of Dr. Sawyer.

In the case of *Layton v. Layton,* 263 N.C. 453, 139 S.E. 2d 732 (1965), the Court said:

"'The relationship of parent and child is a status, and not a property right.' 67 C.J.S., Parent and child, § 2, p. 628. At common law it is the duty of a father to support his minor children. *Elliott v. Elliott,* 235 N.C. 153, 69 S.E. 2d 224; *Green v. Green,* 210 N.C. 147, 185 S.E. 651; *Blades v. Szatai,* 135 A. 841, 50 A.L.R. 232. And where a child is of weak body or mind and unable to care for itself after coming of age, the duty of the father to support the child continues as before. *Wells v. Wells,* 227 N.C. 614, 44 S.E. 2d 31, 1 A.L.R. 2d 905; 39 Am. Jur., Parent and Child, § 69, p. 710. The common law obligation of a father to support his child is not 'a debt' in the legal sense, but an obligation imposed by law. *Ritchie v. White,* 225 N.C. 450, 35 S.E. 2d 414. It is not a property right of the child but is a personal duty of the father which is *terminated by his death. Elliott v. Elliott, supra; Lee v. Coffield,* 245 N.C. 570, 96 S.E. 2d 726; *Blades v. Szatai, supra. These* common law principles have not been abrogated or modified by statute and are in full force and effect in this jurisdiction. G.S. 4-1; *Elliott v. Elliott, supra.*

The support of a child by a parent may be the subject of contract and a father may by contract create an obligation to support his child which will survive his death and constitute a charge against his estate, in which case the ordinary rules of contract law are applicable. *Church v. Hancock,* 261 N.C. 764, 136 S.E. 2d 81; *Stone v. Bayley,* 134 P. 820; 39 Am. Jur., Parent and Child, § 69, p. 710. Such contracts are not against public policy, but there must be a clear intention that the obligation survive the death of the parent. *Stone v. Bayley, supra.*

'A consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and its provisions cannot be modified or set aside without the consent of the parties, except for fraud or mistake.' 3 Strong: N.C. Index, Judgments, § 10, p. 16; *Church v. Hancock, supra.* The consent order of January 1951 is a contract for the benefit of E. C. Layton's minor children. Our inquiry is whether it created a debt in a legal sense which survived his death and became an obligation of his estate. We look to the intent of the parties to be gathered from the contract. *Stone v. Bayley, supra; Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113."

Applying the foregoing principles of law, we hold that the consent judgment did not create a debt in a legal sense which survived Dr. Sawyer's death and became an obligation of his estate. In so holding, we look to the intent of the parties as gathered from the consent judgment and conclude that by the terms of the consent judgment, it was not intended to create a debt which would survive Dr. Sawyer's death and become an obligation on his estate. We hold that the facts found by Judge Mintz, to-wit: that the estate is indebted to Sarah and Walter, are not supported by the law or the evidence. Therefore, the conclusions of law upon which the judgment is based are erroneous. The judgment entered herein is reversed.

Reversed.

MORRIS and GRAHAM, JJ., concur.